# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1998 SESSION



FILED

**March 26, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9803-CC-00084 |
| Appellee, | ) |
| | ) Henry County |
| V. | ) |
| | ) Honorable Julian P. Guinn, Judge |
| | ) |
| **THOMAS EDWARD BRADLEY,** | ) (Voluntary Manslaughter) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

J. MARK JOHNSON
BILL R. BARRON
124 East Court Square
Trenton, TN 38382

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

J. ROSS DYER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

ROBERT "GUS" RADFORD
District Attorney General

STEVE GARRETT
Assistant District Attorney General
P.O. Box 686
Huntingdon, TN 38372

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

**O P I N I O N**

Thomas Edward Bradley was convicted of voluntary manslaughter and sentenced to six years in the Tennessee Department of Correction. He appeals this sentence as of right, arguing that the trial court erred in applying certain enhancement factors. We AFFIRM the judgment of the trial court.

**FACTS**

The appellant has failed to include the trial transcript in the record on appeal. Thus, the circumstances of the appellant's crime are somewhat sketchy. Briefly stated, on February 21, 1997, the appellant struck Maelene Cardwell on her face with his hand, causing blunt trauma to, and bleeding of, her brain. The victim was discovered the following day in a comatose state. She never regained consciousness and, on September 23, 1997, she died as a result of her injuries.

The appellant was indicted on November 3, 1997, for second degree murder. Following a jury trial in the Circuit Court of Henry County, he was convicted of the lesser included offense of voluntary manslaughter, a class C felony. At his sentencing hearing, the trial court found applicable three enhancement factors:

> A victim of the offense was particularly vulnerable because of age or physical or mental disability . . . ; Tenn. Code Ann. § 40-35-114(4).

> The defendant treated or allowed a victim to be treated with exceptional cruelty during the commission of the offense; Tenn. Code Ann. § 40-35-114(5).

> The defendant had no hesitation about committing a crime when the risk to human life was high; Tenn. Code Ann. § 40-35-114(10).

The trial court noted the appellant's poor physical health as a possible mitigating circumstance but assigned no weight to that factor. Based on these findings, the trial court enhanced the appellant's sentence to the range I maximum of six

years. The appellant challenges the applicability of each of the enhancement factors found by the trial court.

**STANDARD OF REVIEW**

When an accused challenges the length or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting our de novo review, this Court must consider (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the accused in his own behalf; and (7) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The appellant carries the burden of showing that his sentence is improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

**ANALYSIS**

The trial court based its finding that the victim was particularly vulnerable primarily on the "disparate differences in sizes between the [appellant and victim] and [the victim's] physical condition. [The victim] was . . . intoxicated at the time that [the appellant] killed her, and she weighed either a hundred pounds or

somewhat less that a hundred pounds." The appellant challenges this finding, arguing that there was no evidence of the victim's weight at the time of she was assaulted, but only of her weight at the time of her autopsy, after she had been comatose for over seven months. However, no evidence is before this Court on this issue, as the appellant has failed to provide a transcript of the trial in the record on appeal.

"When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993); see Tenn. R. App. P. 24(b). In the absence of an adequate record, we are precluded from considering the issue and must presume that the determinations of the trial court are correct. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App.1988). This issue is, therefore, without merit.

The appellant next challenges the trial court's finding that the appellant treated the victim with exceptional cruelty. Unlike his challenge to factor (4), the appellant does not dispute the factual basis of this enhancement. Rather, he admits that the manner in which he treated the victim would warrant a finding of exceptional cruelty if this factor it were available for consideration. He argues, however, that the exceptional cruelty enhancement is inapplicable to a conviction for voluntary manslaughter as a matter of law.

The appellant asserts that malice is an essential element of second-degree murder. Therefore, he argues, the jury's verdict convicting him of voluntary manslaughter rather than second degree murder implies that the jury found his offense to have been committed without malice. Malice, the appellant further asserts, is equivalent to exceptional cruelty, so that one cannot commit an offense without malice yet involving exceptional cruelty.

-4-

While this argument is flawed in several points, it is sufficient to note that malice is not an element of second degree murder. See Tenn. Code Ann. § 39-13-210 ("Second degree murder is: (1) A knowing killing of another."). Absent this essential premise, the appellant's argument clearly fails. This issue is without merit.

Finally, the appellant challenges the applicability of enhancement factor (10)--that he had no hesitation about committing a crime when the risk to human life was high. The state correctly concedes that the trial court erred in applying this factor, as it is inherent in the offense of voluntary manslaughter. "It is well settled . . . that this enhancement factor is generally inapplicable in sentencing in voluntary manslaughter cases where the only 'risk' imposed was to the victim of the homicide." State v. Samuel D. Braden, No. 01C01-9610-CC-00457 (Tenn. Crim. App. filed Feb. 18, 1998, at Nashville). Nothing in the commission of the appellant's offense suggests a risk to human life other than to the life of the victim. Thus, the trial court erred in applying enhancement factor (10).

Elimination of factor (10) does not, however, require reduction of the appellant's sentence. Enhancement factors (4) and (5) are each entitled to significant weight, and we find them more than sufficient to justify imposition of the maximum sentence in this case.

## CONCLUSION

The judgment of the trial court is affirmed.

_____

JOHN EVERETT WILLIAMS, Judge

-5-

CONCUR:

-6-

_____

GARY R. WADE, Judge

_____

THOMAS T. WOODALL, Judge