# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1999 SESSION



**FILED**

**April 21, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| Appellee, | ) | **C.C.A. NO. 02C01-9801-CC-00011** |
| | ) | |
| VS. | ) | **CARROLL COUNTY** |
| | ) | |
| **VERNON LOVE (aka Vernale Love),** | ) | **HON. JULIAN P. GUINN,** |
| | ) | **JUDGE** |
| Appellant. | ) | |
| | ) | (Sale of a Controlled Substance) |

FOR THE APPELLANT:          FOR THE APPELLEE:


**RAMSDALE O'DeNEAL**          **JOHN KNOX WALKUP**
118 E. Baltimore St.          Attorney General & Reporter
Jackson, TN 38301

**ELIZABETH T. RYAN**
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

**ROBERT RADFORD**
District Attorney General

**ELEANOR CAHILL**
Asst. District Attorney General
111 Church St.
Huntingdon, TN 38344


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

## **O P I N I O N**

The defendant was convicted by a jury of two counts of selling a controlled substance. The trial court sentenced the defendant as a multiple offender to a term of eight years on each count to run concurrently and to be served in the Tennessee Department of Correction. The defendant's subsequent motion for a new trial was denied by the trial court. The defendant now appeals and presents two issues for our review:

> 1. whether the trial court erred in not overturning the jury verdict in that the evidence was insufficient to warrant a conviction; and

> 2. whether the trial court erred in not conducting a hearing on the issue of newly discovered evidence raised in the defendant's motion for a new trial.

After a review of the record and applicable law, we affirm the judgment of the trial court.

On January 17, 1997, an undercover operative working with the 24th Judicial Drug Task Force notified the director of the task force, Steve Lee, of a potential drug transaction. Pursuant to an established routine, the operative, Sylvester Island, met with Mr. Lee at the Carroll County Airport where he was searched, fitted with a body transmitter, and given fifty dollars in "buy money." Mr. Island then returned to the apartment obtained by the drug task force for this assignment. Mr. Island testified that he paged the defendant's beeper and the defendant responded by paging Mr. Island's beeper with the message that he would arrive at the apartment in thirty to forty-five minutes. The defendant later arrived at Mr. Island's apartment and sold Mr. Island fifty dollars of crack cocaine. Mr. Island put the cocaine in a plastic bag, returned to the airport, and gave the cocaine to Mr. Lee after initialing and dating the bag. Mr. Island was monitored by the drug task force throughout every transaction via the body

2

transmitter. The entire transaction was also recorded on an audio tape. At trial, Mr. Lee identified the voice on the audio tape selling cocaine to Mr. Island as the defendant's voice.[1] Additionally, at trial Mr. Island identified the defendant as the person from whom he bought the cocaine on January 17, 1997.

On January 18, 1997, Mr. Island notified Mr. Lee of a potential drug transaction with Terrence Love.[2] As before, Mr. Island was searched, fitted with a body transmitter, and given fifty dollars to buy cocaine. According to Mr. Island, while he was waiting for Terrence Love, the defendant arrived at Mr. Island's apartment unannounced. Mr. Island purchased fifty dollars worth of cocaine from both Terrence Love and the defendant. After the two men left, Mr. Island placed the cocaine from each transaction in separate bags and drove to meet Mr. Lee at the airport. Mr. Island initialed and dated the bags and gave them to Mr. Lee. At trial, Mr. Lee and Mr. Island identified the defendant's voice on the audio tape of this transaction. Mr. Island also made an in-court identification of the defendant.

The defendant now contends that the trial court erred in not overturning the jury verdict in that the evidence was insufficient to support his convictions. Specifically, the defendant argues that there is no evidence in the record that the trial court considered the evidence as the thirteenth juror since the trial court did not conduct a hearing on the defendant's motion for a new trial. However, Rule 33 of the Tennessee Rules of Criminal Procedure does not require a trial court to conduct a hearing on a motion for a new trial. Tenn. R. Crim. P. 33. In addition, as sufficiency of the evidence

---

[1] Mr. Lee said he was familiar with the defendant's voice because the defendant had visited Mr. Island previously while Mr. Island was living in another housing project on a different undercover assignment that Mr. Lee had previously surveilled. Mr. Lee further testified that the defendant had a "very distinctive voice."

[2] The record is unclear as to whether this man's name is Dennis Love or Terrence Love. However, the testimony at trial indicated that he is the defendant's brother.

was an issue in the defendant's motion for a new trial and the trial court subsequently denied that motion, it is clear the trial court considered the evidence as the thirteenth juror.[3]  In light of the foregoing, the defendant's contention is without merit.

The defendant next contends that the trial court erred in not conducting a hearing on the issue of newly discovered evidence raised in the defendant's motion for a new trial.  The defendant claims that new evidence exists that would support his allegation that the voice on the audio tapes of the transactions was not his voice.  However, the defendant failed to file any affidavits in support of this contention.  Tenn. R. Crim. P. 33(c).  As such, there is no evidence in the record that supports this argument.

It is the defendant's duty to prepare an adequate record in order to allow a meaningful review on appeal.  T.R.A.P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988).  When no evidence is preserved in the record for review, we are precluded from considering the issue.  Roberts, 755 S.W.2d at 836.  As there is no evidence in the record regarding newly discovered evidence, we cannot review this issue.

Accordingly, we affirm the trial court's denial of the defendant's motion for a new trial.

_____
JOHN H. PEAY, Judge

---

[3]  The trial court's order specifically stated that after considering "the motion for a new trial of the defendant, the statement of counsel and . . . the entire record . . . [this] court is of the opinion that the motion is not well taken."

CONCUR:


_____
JOE G. RILEY, Judge


_____
JAMES C. BEASLEY, SR., Special Judge