**STATE of Tennessee, Appellee,**

v.

**Bobbie Ray ROBERTS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 31, 1988.

Rehearing Denied April 28, 1988.

Second Rehearing Denied May 5, 1988.

Permission to Appeal Denied by Supreme Court July 25, 1988.

Larry M. Melnick, Jonesboro, Ga., Ronald P. Smith, Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Bettye Springfield–Carter, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., David C. Jennings, Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

JONES, Judge.

The defendant, Bobbie Ray Roberts, was convicted of aggravated assault and carrying a dangerous weapon with the intent to go armed by a jury of his peers. The trial judge sentenced the defendant to serve six (6) years in the Department of Correction for the offense of aggravated assault; and he sentenced the defendant to pay a fine of $50 and serve eleven (11) months and twenty-nine (29) days in the Knox County Penal Farm for the offense of carrying a dangerous weapon. The trial judge suspended all but six months of both sentences, and ordered that the defendant would serve the sentences in the Knox County Penal Farm.

The defendant appealed as of right to this Court following the denial of his motion for a new trial. Tenn.R.App.P. 3(b).

### ISSUES PRESENTED FOR REVIEW

The defendant has presented three issues for our review. He contends that (a) trial counsel was ineffective because counsel failed to conduct a thorough investigation

prior to trial, (b) the trial court erred in denying the motion for a new trial on the ground of newly discovered evidence, and (c) the trial court erred in denying his motion to suppress.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The defendant contends he was denied the effective assistance of counsel because the attorney who represented him in the trial court failed to conduct a proper pre-trial investigation. According to the defendant, this deficiency in representation "resulted in the loss of valuable evidence necessary to present the Defendant's defense." The "valuable evidence" consisted of two "possible defense witnesses," apparently discovered following the defendant's trial, who supposedly would corroborate the theory of self-defense.

In his brief the defendant acknowledges that this issue was not raised in the trial court. He asserts that trial counsel, Mr. Jimmy Kyle Davis, represented him until the trial court denied his motion for a new trial; and appellate counsel, Larry M. Melnick, did not "formally" enter the case until after the trial court had denied his motion for a new trial. The defendant argues this Court should consider this issue pursuant to Rule 52(b), Tenn.R.Crim.P.

The facts contained in the record do not support the defendant's allegations. The original motion for a new trial was filed on February 2, 1987. An amended motion for a new trial was filed on the 29th day of May, 1987. Accompanying the amended motion for a new trial was an affidavit executed by Larry M. Melnick in compliance with Tenn.Sup.Ct.R. 19. Mr. Melnick, a resident of the State of Georgia and licensed to practice in Georgia, executed the affidavit for "the purpose of appearing PRO HAC VICE in the criminal court for Knox County, Tennessee, Division 1, and for appearance PRO HAC VICE before the Court of Appeals of the State of Tennessee." In another paragraph Mr. Melnick states that he desired "to appear before the criminal court for Knox County, Tennessee, Division 1 in: *State of Tennessee vs. Bobby*

*R. Roberts*, Case No. 27546", the case before this Court. The affidavit further recites that Mr. Melnick had associated with Mr. Ronald P. Smith of the Knoxville Bar. The affidavit was executed by Mr. Melnick on May 27, 1987.

Mr. Melnick entered this case on the date his affidavit was filed with the trial court, May 29, 1987. His appearance came before the hearing on the motion for a new trial and the entry of the order denying the motion on July 17, 1987.

In this jurisdiction a trial judge, in the exercise of his discretion, may allow an amendment to a motion for a new trial as long as the trial judge has jurisdiction of the case. Tenn.R.Crim.P. 33(b); *State v. Butler*, 626 S.W.2d 6, 12 (Tenn.1981). In *Butler* our Supreme Court held that the trial court should have permitted the defendant to amend his motion for a new trial after the trial judge took the motion under advisement. Since this issue was not raised in the defendant's motion for a new trial, the defendant has waived this issue. Tenn.R.App.P. 3(e). See *State v. Townsend*, 688 S.W.2d 842, 844 (Tenn.Crim.App. 1984).

Before an appellate court may consider an issue pursuant to Rule 52(b), Tenn. R.Crim.P., the issue must be apparent upon the face of the record. In the case *sub judice* the record is silent concerning the pretrial investigation conducted by Mr. Davis. No proof was received into evidence on this issue. While the brief of the defendant alludes to two affidavits filed in support of the motion for a new trial, the affidavits are not contained in the record. In summary, the record transmitted to this Court is void of evidence which establishes that the defendant was denied the effective assistance of counsel during the pretrial investigation of his cases. See *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975).

This issue is without merit.

## NEWLY DISCOVERED EVIDENCE

The appellant contends that the trial court committed error of prejudicial dimensions when it denied his motion for a new

trial on the ground of newly discovered evidence.

It appears that two affidavits were filed in the cause by the defendant. One witness would supposedly support the defendant's theory of self-defense. The second witness supposedly retrieved a .25 caliber bullet and copper jacket from the defendant's motel room. The defendant also asserts that the assistant district attorney general failed to inform the defendant of certain exculpatory evidence. The record transmitted to this Court does not contain either affidavit nor does it contain the proceedings incident to the hearing of the motion for a new trial.

■ When an accused seeks appellate review of an issue in this Court, it is the duty of the accused to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the basis of the appeal. Tenn.R.App.P. 24(b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn.1983). Where, as here, the record is incomplete, and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which a party relies, this Court is precluded from considering the issue. *State v. Groseclose*, 615 S.W.2d 142, 147 (Tenn.1981); *State v. Jones*, 623 S.W.2d 129, 131 (Tenn.Crim.App.1981). Thus, we must conclusively presume that the ruling of the trial court denying the motion for a new trial on the ground of newly discovered evidence was correct. *State v. Jones*, supra; *State v. Baron*, 659 S.W.2d 811, 815 (Tenn.Crim.App.1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn.Crim.App.1983).

■ Allegations contained in pleadings are not evidence. *Hillhaven Corp. v. State ex rel. Manor Care Inc.*, 565 S.W.2d 210, 212 (Tenn.1978); *Price v. Mercury Supply Co., Inc.*, 682 S.W.2d 924, 929 n. 5 (Tenn.App.1984). Also, the arguments of counsel and the recitation of facts contained in a brief, or a similar pleading, are not evidence. *Price v. Mercury Supply Co., Inc.*, supra; *Goodway Marketing, Inc. v. Faulkner Advertising Assoc., Inc.*, 545 F.Supp. 263 (E.D.Pa.1982). The same is true of statements made by counsel during the course of a hearing, trial, or argument in this Court. *Trotter v. State*, 508 S.W.2d 808, 809 (Tenn.Crim.App.1974); *Davis v. State*, 673 S.W.2d 171, 173 (Tenn.Crim.App. 1984).

This issue is without merit.

## THE MOTION TO SUPPRESS EVIDENCE

When Detective Parker arrived at the motel to investigate the shooting of the victim, he was advised that two suspects, found hiding beneath a van, had been apprehended. Since the weapon used in the shooting of the victim had not been located, the detective conducted a methodical search from the situs of the shooting to the van. No weapons were found by Detective Parker. He then looked at the undercarriage of the van with the aid of a flashlight. The handle of a pistol, which had been placed in a cross-member, was clearly visible. This gun was confiscated.

Later, a crime scene officer went to the hospital to gather evidence. When he viewed the victim's body, he realized that the wounds had been made by a smaller caliber pistol than the weapon confiscated from beneath the van. Detective Parker and the crime scene officer immediately went to the police lot. They again examined the undercarriage of the van. The officers used their hands to feel in places where they could not see. The weapon used in the shooting was subsequently found in the undercarriage of the van.

Defense counsel made an oral motion to suppress the weapon after the jury had been selected. He told the trial court of a conversation he had with Detective Parker immediately prior to making the motion. This conversation led him to believe the weapon had been seized as a result of an unreasonable and illegal search. The trial court conducted an evidentiary hearing over the objection of the assistant district attorney general. The trial court denied the motion at the conclusion of the evidentiary hearing.

This issue is without merit.

The failure of the defendant to file a written motion to suppress prior to trial resulted in the waiver of this issue. *State v. Barber*, 625 S.W.2d 291 (Tenn. Crim.App.1981); *State v. Hamilton*, 628 S.W.2d 742 (Tenn.Crim.App.1981); *State v. Randolph*, 692 S.W.2d 37, 40 (Tenn.Crim. App.1985). The phrase "prior to trial", contained in Tenn.R.Crim.P. 12, means sometime earlier than the morning or day of trial. *State v. Kinner*, 701 S.W.2d 224 (Tenn.Crim.App.1985); *State v. Hamilton*, supra. The reasons given by defense counsel were insufficient to afford the defendant relief from the waiver. Tenn.R.Crim.P. 12(f). As this Court said in *State v. Randolph:*

> Unfortunately, the trial judge entertained this motion. He should not have. It is incumbent upon the trial courts to require an adherence to the rules of procedure. Otherwise, this benefit will be put to naught. We decline to compound this procedural defect by reviewing this issue, and hold the defendant waived any right to contest the admissibility of this evidence.

692 S.W.2d at 40.

The defendant failed to establish during the suppression hearing that he had a legitimate expectation of privacy in the van or the weapon he sought to suppress. *State v. Roberge*, 642 S.W.2d 716, 718 (Tenn.1982). Thus, the defendant did not have standing to contest the retrieval of the pistol by the police from the undercarriage of the van. *Griffin v. State*, 604 S.W.2d 40, 43 (Tenn.1980); *State v. Roberge*, supra; *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

The trial judge found that the conduct of the police officers in obtaining the weapon was reasonable. His findings have the weight of a jury verdict; and this Court will not set aside his ruling unless the evidence contained in the record preponderates against his findings. *State v. O'Guinn*, 709 S.W.2d 561, 565–566 (Tenn. 1986); *State v. Tate*, 615 S.W.2d 161, 162 (Tenn.Crim.App.1981). Where, as here, there is material evidence contained in the record to support the trial court's findings

of fact, we are required to affirm his denial of the defendant's motion to suppress. *State v. Adams*, 631 S.W.2d 392 (Tenn. 1982); *State v. O'Guinn*, supra.

The judgment of the trial court is affirmed.

WADE, J., and RICHARD F. FORD, Special Judge, concur.

## ORDER DENYING PETITION TO REHEAR

The defendant contended that the trial court committed error of prejudicial dimensions when it denied his motion for a new trial on the ground of newly discovered evidence. The defendant argued that the affidavits of two individuals, which were submitted to the trial court for consideration, supported his contention that he was entitled to a new trial on this ground. Since the transcript of the proceedings incident to the hearing of the motion for a new trial and the affidavits were not contained in the record transmitted to this Court, it was conclusively presumed that the ruling of the trial court, denying the defendant a new trial on the ground of newly discovered evidence, was correct.

The opinion of this Court was filed with the clerk in Knoxville on March 31, 1988. The defendant filed a "Motion to Modify the Record upon Petition to Rehear" with the clerk on the 14th day of April, 1988. In the motion the defendant seeks to supplement the record with the two omitted affidavits. The motion states that the transcript of the hearing on the motion for a new trial is also attached, but an examination of the attachments to the motion has revealed that the transcript was not in fact attached.

Insofar as the motion purports to be a petition to rehear it is denied. No grounds are stated in the motion which would support a rehearing in this case.

The defendant's belated effort to supplement the record in this cause comes too late. *State v. Gerald Lyle Hemp*, Sevier County No. 49, C.C.A. at Knoxville, opinion filed April 30, 1984. Furthermore, the

supplementation of the record does not constitute a meritorious ground for a rehearing pursuant to Rule 39(a), Tenn.R.App.P. *State v. John Newton Wheelock,* Washington County No. 220, January 1987 Session at Knoxville, opinion filed September 2, 1987. Moreover, this Court cannot consider the affidavits for another reason. The affidavits are simply attached to the motion. They were not forwarded to this Court by the clerk of the trial court. Furthermore, the affidavits do not reflect that they were received into evidence, marked as an exhibit, or authenticated by the trial judge. Before an exhibit or affidavit may be considered by this Court, the record must reflect that it has been (a) received into evidence, (b) marked by the trial judge, clerk or court reporter as having been received into evidence as an exhibit, (c) authenticated by the trial judge, and (d) included in the transcript of the evidence transmitted to this Court. *State v. Cooper,* 736 S.W.2d 125, 131 (Tenn.Crim.App. 1987). Nor has anyone executed a certificate stating that the affidavits are accurate, Tenn.R.App.P. 24(b).

The motion of the defendant is denied.

WADE, J., and RICHARD R. FORD, Special Judge, concur.

### ORDER DENYING SECOND PETITION TO REHEAR

The defendant previously filed a petition to rehear requesting that this Court permit him to supplement the record with two affidavits and the transcript of the hearing on the motion for a new trial. In a previous order this Court denied the application to supplement the record for the reasons set forth in that order.

Subsequently, the appellant filed a petition to rehear. This petition is predicated upon the assumption that this court would permit the supplementation of the record. Counsel states in the petition:

In the event that this Court were to deny the Motion to Modify the Record, counsel believes that this Petition could not be entertained. Therefore, the Petition is written with the assumption that the Mo-

tion to Modify will be granted and contains references to materials which are not presently on the record.

Since this Court has denied that application, the request for rehearing, which is predicated solely upon the denial of the motion for a new trial on the ground of newly discovered evidence, cannot be considered.

Had this Court been permitted to consider these affidavits, this Court would have ruled, that based upon the record before us and the content of the affidavits, the appellant is not entitled to a new trial on this ground; and the ruling of the trial court, denying the appellant's motion for a new trial on this ground, was correct in all particulars.

The petition to rehear, filed on the 18th day of April, 1988, is denied.

WADE, J., and RICHARD R. FORD, Special Judge, concur.