IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 12, 2001 Session

## MICHAEL SHANE HYDER v. ALLEN BARGERY, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9203     Jon Kerry Blackwood, Circuit Judge**

---

**No. W2000-01533-CCA-R3-CD  - Filed August 16, 2001**

---

The state has appealed from the judgment of the Circuit Court of Hardeman County granting the petitioner habeas corpus relief and finding that his two consecutive three-year sentences had expired. The state asserts that the sentences have not expired and that the petitioner is not entitled to be released from prison. Because the state has not filed an adequate record, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CORNELIA A. CLARK, SP. J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Paul G. Summers, Attorney General, J. Ross Dyer, Assistant Attorney General, Elizabeth T. Rice, District Attorney General, James Walter Freeland, Jr., Assistant District Attorney General, for the Appellant, Allen Bargery, Warden.

John E. Appman, Attorney for Appellee, Michael Shane Hyder.

### OPINION

On November 12, 1999, the petitioner filed a petition for writ of habeas corpus in the Chancery Court of Hardeman County. He alleged that he was incarcerated in the Hardeman County Correctional Facility unlawfully, his sentences imposed in Cumberland County having expired. On November 16, 1999, the case was transferred to the Hardeman County Circuit Court for disposition on the merits. The petition was refiled there November 19, 1999.

On January 7, 2000, the state filed a motion to dismiss. On May 15, 2000, the state filed a Response to the Petition, attaching the earlier-filed Motion to Dismiss and two affidavits of Fay Claud, Manager of Sentence Information Services, Tennessee Department of Correction. The motion to dismiss was denied by order entered May 18, 2000, for February 4, 2000. By separate

order, a hearing was scheduled for May 19. A third order required the petitioner to be transported to the hearing.

No hearing transcript has been filed. By order entered May 25, 2000, the court found that petitioner's sentence had expired, and granted the writ of habeas corpus. The state appeals that dismissal.

It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues which form the basis of appeal. Tenn. R. App. P. 24(b). In the absence of an adequate record on appeal this court must presume the trial court's rulings were supported by sufficient evidence. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. App. 1992).

The May 25, 2000 order reflects that the case was heard "upon the petitioner's Petition for Writ of Habeas Corpus, the Answer, Exhibits filed, Memorandum of Law, and arguments of counsel", and that "the exhibits filed in this case were a true and accurate reflection of the chronology and sentencing in this matter". However, no transcript of the proceedings below has been made a part of the record. No exhibits are included in the record. While copies of certain orders from the original proceedings in Cumberland County have been filed, they have not been certified or otherwise properly identified and admitted into evidence.[1]

---

[1]The noncertified Cumberland County orders included in the file appear to have been filed by the petitioner as attachments to his original petition for habeas corpus. They reflect as follows:

By order stamped as entered on both October 6 and November 6, 1993, the defendant pled guilty in Cumberland County, Tennessee to four counts of aggravated burglary. Under a negotiated plea agreement entered into on October 1, he received four three-year sentences. Two of the sentences were run concurrent to the one another and consecutive to the other two sentences, which were also run concurrent to one another. The defendant therefore received an effective sentence of six years. He was given credit for time served (length not identified), and required to serve the remainder of his sentence in the Community Corrections Program.

By order entered April 20, 1995, the defendant's original sentence was modified to allow him to serve the remainder of the community corrections sentence on supervised probation. The order reflects that the sentence expiration date is October 1, 1999.

By order entered July 16, 1996, the defendant was found to have violated his probation based on warrants issued January 29 and May 24, 1996. The order cited a court hearing of June 10, 1996, and reflected that petitioner had been incarcerated since May 10. He was ordered to serve an additional thirty days in the county jail. Thereafter he was to be released on July 9, 1996 and returned to probation. This order directed that his probation expire on October 1, 1999.

By order entered November 24, 1997, the defendant was found to have violated his probation on November 10, 1997. He was ordered to serve ninety days in the Cumberland County jail, and then be returned to the community corrections program. This order did not recite his sentence expiration date.

(continued...)

Allegations contained in pleadings are not evidence. *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Recitations of the facts contained in a brief, or arguments of counsel, also are not evidence. *Id.*

The state included in an appendix to its brief copies of two affidavits of Fay Claud, Manager of Sentence Information Services, Tennessee Department of Correction. Apparently those affidavits were originally attached to the state's May 15, 2000, response. It is not clear whether they were properly admitted into evidence or considered by the trial court.

Appellate courts may only review what is in the record, and not what might have been or should have been included. *Dearborne v. State*, 575 S.W.2d 259, 264 (Tenn. 1978). Further, even if the orders and affidavits had properly been placed in the record, they are insufficient, without clarification, to allow determination of the issue presented. The state has failed miserably to meet its duty to present a record from which we can ascertain the actual status of the petitioner's sentence. Therefore, we must presume the finding of the trial court was supported by sufficient evidence.

For the reasons stated above, we conclude that the trial court did not err in granting the petitioner's petition for writ of habeas corpus. The judgment of the trial court is affirmed.

_____
CORNELIA A. CLARK, SPECIAL JUDGE

---

[1](...continued)

By document filed February 23, 1998, and titled "State of Tennessee Community Corrections Order", the defendant was placed on state-supervised probation for a period of six years. The order indicated that it arose out of a probation violation which occurred on November 10, 1997. This order also required defendant to be placed in the community corrections program effective February 13, 1998, for a period of 5.96 years. However, the signature page, if any, of this order is not included in the record.

By order entered February 22, 1999, the trial court found that defendant had violated the terms of his community corrections placement of February 23, 1998. The court revoked the community corrections sentence and ordered the defendant to serve "the balance of the revoked sentence". He was given credit for ninety-six (96) days on community corrections. The order references a violation warrant issued May 19, 1998, but the warrant itself is not included in the record.