IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 12, 2002

## STATE OF TENNESSEE v. JOHN WESLEY JOHNSON

**Direct Appeal from the Circuit Court for Gibson County**
**No. 15681    L. T. Lafferty, Senior Judge**

_____

**No. W2001-02473-CCA-MR3-CD  - Filed June 11, 2002**

_____

The appellant, John Wesley Johnson, was indicted by the Gibson County Grand Jury for one count of desecration of a venerated object, to wit: a place of burial, a class A misdemeanor.  He was convicted by a jury, sentenced to eleven months and twenty-nine days in the county jail, placed on probation, and ordered to pay restitution in the amount of $2,574.   The appellant, proceeding pro se, filed an untimely notice of appeal.  This court, upon motion of the appellant, waived timely filing of the appeal; accordingly, the appeal is properly before this court.  On appeal, the appellant raises the following issues: (1) "w[h]ether the trial court reviewed the record"; (2) "w[h]ether the (State) conspira[cy] used their position to withhold facts in order to receive a conviction"; (3) "w[h]ether the public officers used the court to reach their gold"; and (4) "w[h]ether the trial court erred in its review of the records and facts of law as to this case."  Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

John Wesley Johnson, Trenton, Tennessee, Pro Se (on appeal), and Scott G. Kirk, Jackson, Tennessee (at trial), for the appellant, John Wesley Johnson.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William L. Gibbons and Terrell G. Graves, District Attorneys General Pro Tem, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record before this court is quite convoluted and confusing.  The appellant was convicted on April 3, 2001, of desecration of a venerated object.  See Tenn. Code Ann. § 39-17-311 (1997).  From the mostly nonsensical record, we are able to discern that the conviction resulted from

a dispute regarding the ownership of cemetery property located in Gibson County. The appellant now raises several issues regarding improper action by state officials, which action he claims led to his conviction. In support of his claim, the appellant alleges that, in 1882, after the capture of Humbolt, Tennessee, by Union forces, General Nathan Bedford Forrest robbed a payroll train. The appellant further alleges that gold from the train was then buried on property now owned by the appellant. Finally, the appellant seemingly contends that the local District Attorney General, local judges, and other officials have conspired to acquire the gold by securing the appellant's conviction or, more specifically, by "withhold[ing] and suppress[ing] favorable evidence" in this case.

## II. Analysis

Without considering whether there is merit to the appellant's issues, we are compelled to instruct that, "[w]hen a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). Furthermore, the duty to provide a complete appellate record is upon the appealing party. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Appellate courts are precluded from considering an issue raised on appeal when the record submitted on appeal is incomplete, i.e., when portions of the record relevant to the issue are absent from the record. State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988); see also Ballard, 855 S.W.2d at 561 ("Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue."); Tenn. R. App. P. 24(b). As a result, "[i]n the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." Oody, 823 S.W.2d at 559.

The appellant in the instant case has failed to include either a transcript or a statement of the evidence of the proceedings below. Based upon the record before us, we are unable to determine even the most basic facts surrounding the appellant's offense. Therefore, we must conclude that the appellant has failed to properly preserve the issues for appeal.

## III. Conclusion

Accordingly, the judgment of the trial court is affirmed.

_____

NORMA McGEE OGLE, JUDGE