IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 7, 2008 Session

**STATE OF TENNESSEE v. CARMI BINKINS**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-03659     James M. Lammey, Jr., Judge**

---

**No. W2007-02403-CCA-R3-CD  - Filed January 30, 2009**

---

Following a jury trial, Defendant, Carmi Binkins, was convicted of two counts of attempted second degree murder, a Class B felony; two counts of especially aggravated kidnapping, a Class A felony; and one count of aggravated assault, a Class C felony. The trial court merged the aggravated assault conviction with one of the attempted murder convictions and sentenced Defendant as a Range I, standard offender to twelve years for each of the attempted second degree murder convictions and to twenty-four years at 100 percent for each of the especially aggravated kidnapping convictions. The court ordered that the especially aggravated kidnapping convictions be served concurrently with the attempted murder convictions but consecutively to each other, for an effective sentence of forty-eight years at 100 percent in the Department of Correction. On appeal, Defendant argues that (1) his right to confrontation was violated when a crying victim was allowed to display his injuries to the jury despite being found incompetent to testify; and (2) the trial court provided erroneous instructions on the elements of especially aggravated kidnapping when answering a question from the jury. The State argues that the defendant has waived the issues by failing to include an adequate record on appeal and that the trial court's jury instructions were proper. After a thorough review of the record, we affirm Defendant's convictions but remand to the trial court for entry of corrected judgment forms to reflect that count four is to be served concurrently with count two and that Defendant's especially aggravated kidnapping sentences are to be served at 100 percent release eligibility.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the**
**Criminal Court Affirmed and Remanded for Entry of Corrected Judgments**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. MCLIN, JJ., joined.

Javier Michael Bailey, Memphis, Tennessee, for the appellant, Carmi Binkins.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William L. Gibbons, District Attorney General; and Muriel Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 25, 2006, the Shelby County Grand Jury returned a five-count indictment against Defendant, charging him in count one with the attempted first degree murder of Jeremy Townsend, in count two with the attempted first degree murder of Darrel Crawford, in count three with the especially aggravated kidnapping of Townsend, in count four with the especially aggravated kidnapping of Crawford, and in count five with the especially aggravated robbery of Townsend. The trial transcript is not included in the record on appeal. The presentence report, however, contains the following account of the crimes as stated in the warrant for Defendant's arrest:

> On Sunday, November 20, 2005, at approximately 4:00 A.M., victims Jeremy Townsend and Darrel Crawford and witness Mario Lott were sitting in a car along with defendant Carmi Binkins in the 6111 Apartments in Hickory Hill. Defendant Binkins instructed witness Lott to go upstairs. Witness Lott left the vehicle and went upstairs at which time he heard several shots fired. Witness Lott returned to the car and observed victims laying across the front seat and blood on the front seat. Witness Lott observed a silver gun in defendant's right hand. Witness then ran away. Defendant Binkins got into the driver's seat, pushed victim Townsend into the passenger seat on top of victim Crawford, and drove to a gas station in DeSoto County, Mississippi. Defendant Binkins got out of the car and left it running. At this time, victim Townsend moved in the driver's seat and drove to another gas station at Highway 61 and Star Landing to get help. Victim Crawford and victim Townsend were taken to the [Regional Medical Center]. Victim Crawford is unable to communicate and is still listed in extremely critical condition at the [Regional Medical Center]. Victim Townsend is in stable condition and was able to give an oral statement as to what happened. Victim Townsend pointed out Carmi Binkins as the person that shot him through photo lineup. Witness Mario Lott was brought to 201 Poplar where he gave a type written statement and identified Carmi Binkins as the shooter through photo lineup.

## I. Alleged Violation of Confrontation Clause

Defendant contends that his Sixth Amendment right to confrontation was violated when the trial court allowed one of the victims "to stand crying before the jury, and to show his injuries to the jury, notwithstanding the witness's inability to take the oath and to provide competent testimony." Defendant asserts that the State either knew or should have known, at the time it called him to the stand, that victim Crawford was physically and mentally incapable of taking the oath and providing competent testimony. The State responds by arguing that Defendant has waived this issue by his failure to include the trial transcript in the record on appeal. We agree with the State.

It is well settled that when a party seeks appellate review, it has a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. See State v. Ballard, 855 S.W.2d 557, 561 (Tenn. 1993) (holding failure to include transcript precludes appellate review); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (holding trial court's ruling

presumed correct in the absence of an adequate record on appeal).  Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue.  See State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988).  Here, we have nothing but the assertions of counsel as to what transpired in the trial court, whether Defendant objected, and the curative steps taken by the trial court.  Because the necessary relevant material is not included in the record, we decline to consider the merits of this issue.  See Tenn. R. App. P. 24(b).  Accordingly, the issue is waived.

## II.  Trial Court's Response to Jury's Question

Defendant also contends that the trial court committed reversible error in its response to the jury foreperson's question about kidnapping.  The record includes the following partially obscured handwritten question: "For counts 3 & 4 Can it be consider[ed] kidnapping if defend[ant] thought they were de[ad?] [W]ill the defendan[t] have to have known if they were alive[?]"  The handwritten reply reads as follows: "As to the counts 3 & 4.  It is not an element of the charged offense or the included offenses that the defendant knew or did not know whether a particular alleged victim was alive, dead, conscious or unconscious at the time of the offense."

Asserting that kidnapping requires that a defendant knowingly deprive another of his or her liberty, Defendant argues that the trial court's response erroneously indicated that a dead man may be kidnapped, thereby misleading the jury and depriving him of his right to a correct and complete charge on the law.  The State argues that Defendant has waived the issue by his apparent failure to raise a contemporaneous objection at trial, by his failure to include an adequate record for review, and by his failure to include any citations to the record.  The State further argues that, even if not waived, the trial court's response to the jury was proper, since the relevant statutes require only that a defendant have knowingly removed or confined another, not knowingly interfered with another's liberty.

We, initially, agree with the State that Defendant has waived this issue by his failure to include an adequate record for review.  Without such, we have no way of knowing whether Defendant objected or acquiesced to the trial court's response to the jury.  Appellate relief is generally not available when a party has "failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."  Tenn. R. App. P. 36(a); see State v. Killebrew, 760 S.W.2d 228, 235 (Tenn. Crim. App. 1988) (holding that waiver applies when the defendant fails to make a contemporaneous objection).

We further agree with the State that, regardless of waiver, the trial court's response to the question was not improper.  In criminal cases, a defendant has a right to a correct and complete charge of the law.  State v. Garrison, 40 S.W.3d 426, 432 (Tenn. 2000).  "An instruction should be considered prejudicially erroneous only if the jury charge, when read as a whole, fails to fairly submit the legal issues or misleads the jury as to the applicable law."  State v. Faulkner, 154 S.W.3d 48, 58 (Tenn. 2005) (citing State v. Vann, 976 S.W.2d 93, 101 (Tenn. 1998)).  While a transcript of the trial court's actual instructions to the jury are not included in the record on appeal, we do have the typewritten jury charge from which the trial court, presumably, read when charging the jury on

the law. In its original charge to the jury, the trial court apparently issued the appropriate pattern jury instructions on the elements of especially aggravated kidnapping, instructing the jury that to find the defendant guilty of the offense, the State must have proven beyond a reasonable doubt "that the defendant knowingly removed or confined another unlawfully so as to interfere substantially with the other's liberty; and that the confinement or removal was accomplished with a deadly weapon . . . ." See T. P. I.–Crim. § 8.03 (8th ed. 2004); see also Tenn. Code Ann. § 39-13-305(a)(1) (2006).

The trial court's response to the jury's question did not result in a misstatement of the elements of the offense. As the State points out, the kidnapping statutes require only that a defendant have knowingly confined or removed a victim "so as to interfere" with the victim's liberty, not that the defendant have knowingly interfered with the victim's liberty. Had the victims been discovered dead in the car, Defendant could have argued at trial that they were already dead at the time he confined and removed them and that he could not, therefore, be guilty of kidnapping. See, e.g., State v. Rogers, 188 S.W.3d 593, 616-17 (Tenn. 2006) (concluding that State presented sufficient proof to show that victim was alive when defendant transported her in his vehicle and, thus, that the evidence was sufficient to sustain defendant's convictions for especially aggravated kidnapping and felony murder). Because both victims in this case were alive, Defendant's knowing confinement of them in the vehicle clearly interfered with their liberty.

## CONCLUSION

We affirm the judgments of the trial court but remand for entry of corrected judgment forms to reflect that the sentence in count four is to be served concurrently with the sentence in count two and that the sentences for the especially aggravated kidnapping convictions are to be served at 100 percent.

_____
THOMAS T. WOODALL, JUDGE