# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 3, 2009 Session

## THOMAS FRAZIER ET AL. v. WALTER JERRY MITCHELL ET AL.

**Appeal from the Chancery Court for Rutherford County**
**No. 07-0420CV     Robert E. Corlew, III, Chancellor**

---

**No. M2009-00010-COA-R3-CV - Filed November 20, 2009**

---

One of many heirs to certain property in Rutherford County opposed the partition by sale of the property. The property was sold and the proceeds distributed. The heir appealed. Due to the lack of a transcript or a statement of the evidence, we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Rosvay Ella Mitchell Bye, Detroit, Michigan, Pro Se.

Larry K. Tolbert, Murfreesboro, Tennessee, for the appellees, Thomas Frazier, Sidney H. Frazier, Ida B. Frazier, Ella B. Dobey, Wanda Cassandra Roper Malone, Patricia Newman, Salma Denise Glimps, Sharon Hester, Shelia Jones, Farrunti Newman, and Robert D. Frazier.

### MEMORANDUM OPINION[1]

This matter concerns the partition by sale of certain real property in Rutherford County. During the course of the proceedings, a number of hearings were held regarding whether all persons with an ownership interest were before the court, whether the property should be sold, whether the sale of the property should be approved, whether the proceeds of the sale should be disbursed, and

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

whether the court's decisions on these issues should be reconsidered. As a result of these hearings, the trial court made findings of fact and conclusions of law.[2]

After an examination of the record, we find that we must affirm the trial court. Tenn. R. App. P. 24 explains the preparation of the record for appeal. It informs the parties about what to do when no transcript of the proceeding is available. Rule 24(c) requires the appellant to provide a statement of the evidence which "convey[s] a fair, and accurate and complete account of what transpired." The rule further allows the appellee to file objections to appellant's statement of evidence and provides that their differences are to be resolved by the trial court in accordance with Tenn. R. App. P. 24(e).

No transcript or statement of the evidence was filed in this case. While we are sympathetic to the difficulty of a non-lawyer attempting to appeal her case, the lack of at least a statement of the evidence destroys the appellate court's ability to review the findings of the trial court. The appellate court's power to review can only be exercised when an adequate record of the evidence has been preserved. "This court cannot review the facts de novo without an appellate record containing the facts . . . ." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App.1992). Neither allegations contained in pleadings, recitations of the facts contained in a brief, nor arguments of counsel qualify as evidence for purposes of a statement of the evidence. *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App.1988).

Without at least a statement of the evidence, "we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod*, 849 S.W.2d at 783. Therefore, we must affirm the trial court.

Costs of appeal are assessed against the appellant for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[2]The appellant appears to raise an issue regarding the application of various treaties with the Cherokee Nation and the Homestead Act of 1862. This issue is, however, not discussed in the appellant's brief and is, therefore, waived. *Maryville Hous. Auth. v. Ramsey*, 484 S.W.2d 73, 74 (Tenn. Ct. App. 1972).