# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 8, 2011 Session

## STATE OF TENNESSEE v. ERIKA Y. JOHNSON

**Appeal from the Circuit Court for Williamson County**
**No. I-CR013149-B       Jeffrey S. Bivins, Judge**

---

### No. M2010-01176-CCA-R3-CD - Filed May 11, 2011

---

The Defendant, Erika Y. Johnson, appeals as of right from the Williamson County Circuit Court's revocation of her probation and order that she serve the remainder of her sentence in confinement. The Defendant contends that the trial court erred by ordering her to serve the remainder of her sentence in confinement. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Erika Y. Johnson, Madison, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Kim R. Helper, District Attorney General; and Sean Bernard Duddy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 14, 2008, the Defendant was indicted on one count of simple possession of marijuana. The Defendant subsequently pled guilty to the charge on September 4, 2008, and was sentenced to 11 months and 29 days to be served on probation. On November 1, 2008, a probation violation complaint was issued against the Defendant alleging that she had failed to pay court costs and failed a drug test. The Defendant admitted the violation and the trial court revoked and reinstated the probation for 11 months and 29 days with the requirement that the Defendant serve 20 days in the county jail. On December 21, 2009, a second probation violation complaint was issued against the Defendant alleging that she had

failed to pay court costs and tested positive for marijuana and benzodiazepines. The Defendant again admitted the violation but requested a hearing regarding her sentence. Following the hearing, the trial court ordered the Defendant to serve the remainder of her sentence in confinement.

The Defendant contends that the trial court erred by ordering her to serve the remainder of her sentence in confinement. The Defendant argues that being "incarcerated is inappropriate and unnecessary" for her because she regularly reports to her probation officer, "has passed recent drug screens," and "[i]n two years of probation" she "has been out of trouble with the law." The State responds that the Defendant has waived this issue by failing to provide a complete record for appeal. Alternatively, the State responds that the trial court did not err by ordering the Defendant to serve the remainder of her sentence in confinement.

The record on appeal contains only the "technical record" and does not include a transcript of the probation revocation hearing. Without a transcript of the hearing, we cannot conclude that the trial court erred by ordering the Defendant to serve the remainder of her sentence in confinement. It is the Defendant's duty to prepare the record "as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues which are the bases of appeal." Tenn. R. App. P. 24(b). A record that "is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies" precludes an appellate court from considering the issue. State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993) (citing State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). When a party fails to provide an adequate record on appeal "this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (citing Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)). The Defendant has failed to properly preserve this issue for appeal. Accordingly, we affirm the judgment of the trial court.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE