# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs May 21, 2013

## STATE OF TENNESSEE v. JACOB ANDREW RELLER

**Appeal from the Circuit Court for Sevier County**
**No. 15131-III     Rex Henry Ogle, Judge**

---

**No. E2012-01842-CCA-R3-CD - Filed August 6, 2013**

---

The Defendant, Jacob Andrew Reller, was convicted by a Sevier County Circuit Court jury of driving under the influence (DUI), a Class A misdemeanor. *See* T.C.A. § 55-10-401 (2012). He received an eleven-month, twenty-nine-day sentence with all but ten days suspended. On appeal, the Defendant contends that (1) the evidence was insufficient to sustain his conviction, (2) the prosecutor failed to produce exculpatory evidence, and (3) the trial court erred in finding evidence of the Defendant's alibi and Officer Wilder's impeachment irrelevant. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Jacob Andrew Reller, Dandridge, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James B. (Jimmy) Dunn, District Attorney General; and Gregory C. Eshbaugh, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 9, 2010, a Sevier County grand jury indicted the Defendant on one count of DUI and one count of violating the implied consent law. The record shows that a Sevier County Circuit Court jury found the Defendant guilty of DUI and that the trial court found the Defendant violated the implied consent law. However, the record does not include a transcript of the trial, transcripts of any pretrial hearings, or a statement of the evidence.

The Defendant contends that the evidence was insufficient to sustain his conviction, that the prosecutor failed to produce exculpatory evidence, and that the trial court erred in

finding evidence of the Defendant's alibi and Officer Wilder's impeachment irrelevant. The State contends that the Defendant has waived appellate review and cannot show plain error because the record on appeal does not comply with the rules in affording an adequate opportunity to review the trial court's actions.

The Defendant was required to prepare a record that conveyed a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal. T.R.A.P. 24(b); *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). If no transcript is available, Tennessee Rule of Appellate Procedure 24(c) allows a statement of the evidence to be submitted.

The Defendant asserts that the court clerk told him a court reporter was not provided during the trial because of the expense. The certificate of the appellate record signed by the deputy clerk notes that no transcript or exhibits were filed with the record. In any event, the Defendant could have filed a statement of the evidence if a transcript was not available. The Defendant argues that he filed a statement of the evidence within sixty days of filing his notice of appeal and that he sent notice to the State and the court clerk. The record does not contain a statement of the evidence or the proof of service as required by Tennessee Rule of Appellate Procedure 24(c). The certificate of the trial court clerk states that the record contains all designated papers on file in the clerk's office.

"In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); *see also State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Nothing in the existing record shows otherwise. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE