# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 25, 2014 Session

## STATE OF TENNESSEE v. LEE C. PALMER

**Appeal from the Criminal Court for Knox County**
No. 97080     Steven W. Sword, Judge

───────────────────

**No. E2013-01516-CCA-R3-CD - Filed May 6, 2014**

───────────────────

Lee C. Palmer ("the Defendant") was convicted by a jury of one count of felony reckless endangerment and one count of driving under the influence. In this direct appeal, the Defendant contends that she is entitled to a new trial because the trial court afforded her only three peremptory challenges instead of the statutorily required eight. Upon our thorough review of the record and applicable law, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments
of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

A. Philip Lomonaco, Knoxville, Tennessee, for Lee C. Palmer, the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Randall E. Nichols, District Attorney General; and Sarah Keith and Deborah Malone, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The Defendant was charged with one count of felony reckless endangerment, three counts of driving under the influence, and one count of violating the implied consent law. A jury convicted the Defendant of one count of felony reckless endangerment and one count of driving under the influence. The trial court subsequently found that the Defendant had violated the implied consent law. After a sentencing hearing, the trial court sentenced the Defendant to one year, suspended, on the felony reckless endangerment conviction and to eleven months, twenty-nine days, suspended after service of the mandatory forty-eight hour

sentence, for the misdemeanor driving under the influence conviction. The sole issue before us is whether the Defendant is entitled to a new trial because the trial court afforded her only three peremptory challenges instead of eight.

The record before us is very limited. It consists of the technical record and several pages of transcript. However, contrary to the State's argument on appeal, the record before us is sufficient to address the Defendant's issue.

The transcript before us reflects a discussion between the trial attorneys and the trial judge that took place after the jury was selected but before the jury was sworn. The transcript includes the following:

THE COURT: So y'all left the lawyer on the jury. Interesting.

[DEFENSE COUNSEL]: We do that?

THE COURT: Ms. Lowe. She's been struck from every one . . .

[DEFENSE COUNSEL]: Well, you don't get many strikes on these . . .

THE COURT: No, you sure don't on a misdemeanor.

[DEFENSE COUNSEL]: Well, wait a minute now. This is a felony, aggravated reckless endangerment, isn't it?

THE COURT: It's a felony?

[DEFENSE COUNSEL]: Reckless endangerment with a car. Is that a felony?

[PROSECUTOR ONE]: It is, and we didn't use that many strikes. We just did misdemeanors.

THE COURT: We didn't. He had five more –

[DEFENSE COUNSEL]: Mistrial.

THE COURT: – seven – seven more. Well, good try.

Upon the arrival of the second prosecutor, the discussion continued:

THE COURT: All right. [Prosecutor Two], what has just been pointed out to me is count No. 1 actually is charged as a felony, and I said it was a misdemeanor.[1] So both sides actually had eight strikes in this. Neither of you exercised your total peremptory strikes. So I don't think that there's any cause for complaint on that. Anybody want to register –

[PROSECUTOR TWO]: I don't have a complaint.

[DEFENSE COUNSEL]: I'll register a complaint.

THE COURT: All right. Very well. I'm going to deny your motion for mistrial, [defense counsel]. Neither side exercised all their strikes for our primary jury, and so I think it's a situation where there's no harm, no foul on that.

So, we ready to bring our jury in?

[DEFENSE COUNSEL]: Yes, sir.

(Footnote added). The trial court then swore in the jury, and the trial proceeded to the conclusion set forth above.

## Analysis

Initially, we agree with the Defendant that she was entitled to a total of eight peremptory challenges because she was charged with a felony. See Tenn. Code Ann. § 40-18-118 (2012); Tenn. R. Crim. P. 24(e)(2). However, we disagree that she is entitled to a new trial because she did not exercise the three peremptory challenges to which she thought she was entitled. See Tenn. Code Ann. § 40-18-118 (providing that defendants charged with misdemeanors are entitled to three peremptory challenges); Tenn. R. Crim. P. 24(e)(3) (same).

As our supreme court has explained,

It is well-settled that the Sixth and Fourteenth Amendments guarantee a defendant on trial for his life the right to an impartial jury, and the use of peremptory challenges is a means to achieve the end of an impartial jury. However, although the right to exercise peremptory challenges is "one of the

---

[1] This statement indicates that the trial judge conducted voir dire under the impression that the State and the defense each had a total of three peremptory challenges.

most important of the rights secured to the accused," the right to exercise peremptory challenges is not of constitutional dimension.

As long as the jury that sits is impartial, the denial or impairment of the right to exercise peremptory challenges does not violate the Sixth Amendment. In addition, because peremptory challenges are a creature of statute and are not required by the Constitution, denial or impairment of the right to exercise peremptory challenges does not violate the due process clause of the Fourteenth Amendment as long as the defendant receives what the state law provides.

State v. Howell, 868 S.W.2d 238, 248 (Tenn. 1993) (internal citations omitted).

In this case, it is clear that the Defendant did not exercise all three of the peremptory challenges that defense counsel thought were available. Moreover, there is nothing in the record to indicate that she would have exercised more peremptory challenges than she did had she been told that she had a total of eight. Although the Defendant argues in her brief to this Court that her juror selection strategy would have changed had she been afforded the correct number of peremptory challenges, argument is not the equivalent of proof. See State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988) (recognizing that "the arguments of counsel and the recitation of facts contained in a brief, or a similar pleading, are not evidence") (citations omitted). Defense counsel made no proffer on the record regarding which jurors, if any, he would have challenged had he been given more peremptory challenges. Additionally, the fact that the defense exercised only one[2] of its peremptory challenges indicates that the defense was satisfied with the jury. Finally, there is absolutely no indication in the record that the Defendant's jury was anything other than fair and impartial. See State v. Reid, 91 S.W.3d 247, appx 291 (Tenn. 2002) ("It is only where a defendant exhausts all of his peremptory challenges and is thereafter forced to accept an incompetent juror can a complaint about the jury selection process have merit.") (citations omitted).

While the record before us does not indicate that the trial judge told the parties that they would each have only three peremptory challenges, it appears from the trial judge's statement, "I said it was a misdemeanor," that he would not have allowed a fourth peremptory challenge had one been made. However, to the extent the trial court erred in its assessment of the number of peremptory challenges at issue, any error was not a

---

[2] The trial court's comment that the defense would have had seven more peremptory challenges indicates that the defense exercised only one of its peremptory challenges during jury selection. Moreover, defense counsel acknowledged during oral argument that he exercised only one peremptory challenge.

constitutional error.[3] Howell, 868 S.W.2d at 248. Accordingly, the Defendant is not entitled to relief unless she demonstrates that the trial court's error "more probably than not affected the judgment or . . . result[ed] in prejudice to the judicial process." Tenn. R. App. P. 36(b); see also State v. Rodriguez, 254 S.W.3d 361, 371-72 (Tenn. 2008) ("Where an error is not of a constitutional variety, Tennessee law places the burden on the defendant who is seeking to invalidate his or her conviction to demonstrate that the 'error more probably than not affected the judgment or would result in prejudice to the judicial process.'") (citations omitted). The Defendant has failed to demonstrate that any error by the trial court regarding the number of peremptory strikes afforded her either affected the jury's verdict or prejudiced her trial. Accordingly, we hold that the Defendant is entitled to no relief on this basis.

## Conclusion

For the reasons set forth above, we affirm the trial court's judgments.

_____
JEFFREY S. BIVINS, JUDGE

---

[3] We acknowledge that this Court has asserted that "[t]he importance of the right to make peremptory challenges is demonstrated by the extraordinary remedy courts have traditionally afforded to an accused who was deprived of the right: reversal of conviction, without a showing of prejudice." State v. Spratt, 31 S.W.3d 587, 598 (Tenn. Crim. App. 2000) (citing Lewis v. United States, 146 U.S. 370, 376 (1892)). However, the Spratt Court was addressing a Batson issue, see Batson v. Kentucky, 476 U.S. 79 (1986), and this Court has since emphasized that "the holding in Spratt regarding peremptory challenges has been limited to cases involving Batson error." State v. Danny Howard, No. W2012-02109-CCA-R3CD, 2013 WL 6254679, at *9 (Tenn. Crim. App. Dec. 2, 2013) (citations omitted).