IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 2, 2018

**BRENDA WOODS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for McNairy County**
No. 3171      J. Weber McCraw, Judge

_____

**No. W2017-02345-CCA-R3-PC**
_____

The Petitioner, Brenda Woods, appeals the McNairy County Circuit Court's denial of her petition for post-conviction relief, seeking relief from her convictions for three counts of procuring an illegal vote and resulting effective two-year sentence to be served on community corrections.   Based upon the record and the parties' briefs, we affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Paul Forrest Craig, Memphis, Tennessee, for the appellant, Brenda Woods.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Kirby May, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

This case relates to a May 2009 election in which the Petitioner procured the votes of several convicted felons in a municipal election in which she was a candidate.  On October 1, 2010, a Hardeman County Circuit Court Jury convicted her of three counts of procuring an illegal vote, a Class E felony, and the trial court sentenced her to concurrent two-year sentences to be served on probation.  On direct appeal of her convictions, this court concluded that the State committed prosecutorial misconduct and that the misconduct deprived the Petitioner of her due process rights to a fair trial.  State v. Brenda Woods, No. W2011-02366-CCA-R3-CD, 2012 WL 6476376, at *7 (Tenn. Crim.

App. at Jackson, Dec. 13, 2012).  Accordingly, this court reversed her convictions and remanded the case for a new trial.  Id. at *8.

The Petitioner was retried in McNairy County.  On May 20, 2014, a McNairy County jury convicted her again of three counts of procuring an illegal vote, and the trial court sentenced her to concurrent two-year sentences to be served on community corrections.  In addition, she was disqualified from holding public office for the duration of her sentences, and her right to vote was permanently revoked.  On direct appeal of her convictions, the Petitioner claimed that the evidence was insufficient to support the convictions, that her being retried and convicted by a second jury violated double jeopardy, that the trial court admitted irrelevant evidence, and that the prosecutor made improper closing arguments.  State v. Brenda Woods, No. W2014-01850-CCA-R3-CD, 2015 WL 5838719, at *1 (Tenn. Crim. App. at Jackson, Oct. 7, 2015), perm. app. denied, (Tenn. Mar. 24, 2016).  This court affirmed the Petitioner's convictions.  Id.

After our supreme court denied the Petitioner's application for permission to appeal, post-conviction counsel filed a timely petition for post-conviction relief, alleging that the Petitioner received the ineffective assistance of trial counsel; that her being retried and convicted by a second jury violated double jeopardy principles; that Tennessee Code Annotated section 2-19-117, the statute she was convicted of violating, was unconstitutionally vague and overbroad; and that her right to vote should not have been permanently revoked.

The post-conviction court held an evidentiary hearing on October 9, 2017.  The appellate record reflects that the Petitioner, trial counsel, and appellate counsel testified at the hearing.  On November 3, 2017, the court filed a written order denying the petition.

## II.  Analysis

On appeal, the Petitioner contends that the post-conviction court erred by denying her petition for post-conviction relief because she received the ineffective assistance of counsel, she was denied her constitutional right to be free from double jeopardy, and Tennessee Code Annotated section 2-19-117 is unconstitutionally vague and overbroad. The State argues that the Petitioner has waived consideration of her ineffective assistance of counsel claim because the record is inadequate for our review.  The State further argues that her double jeopardy claim was previously determined by this court and that her statutory claim has been waived because she failed to present it during her direct appeal.  We agree with the State.

A.  Ineffective Assistance of Counsel

To be successful in a claim for post-conviction relief, a petitioner must prove the factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Further,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697).

The Petitioner failed to include the transcript of the post-conviction evidentiary hearing in the appellate record. It is a petitioner's duty to provide a record that is sufficient "to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). Moreover, even though the State notes in its brief that the transcript is absent from the record and argues that the record is inadequate for our review, the Petitioner has chosen to let the record remain incomplete rather than request permission to supplement the record with the transcript pursuant to Rule 24(g), Tennessee Rules of Appellate Procedure. When the transcript of the proceedings relevant to the issue presented for review is not included in the record, this court is precluded from considering the issue. State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). In the absence of an adequate record on appeal, we must presume that the trial court correctly ruled upon the issue. Id. Therefore, we assume that the findings and conclusions of the post-conviction court with respect to the Petitioner's allegation of ineffective assistance are correct, and the Petitioner is not entitled to relief.

## B. Double Jeopardy

Next, the Petitioner claims that her being retried and convicted by a second jury denied her of constitutional right to be free from double jeopardy. In support of her argument, she relies on Sentoryia Lawand Young v. State, No. M2010-01762-CCA-R3-PC, 2011 WL 3630128, at *4 (Tenn. Crim. App. at Nashville, Aug. 18, 2011), in which this court stated that "[a] retrial of a defendant following the declaration of a mistrial may implicate concerns for a violation of principles of double jeopardy." However, the Petitioner raised this exact issue and relied on Sentoryia Lawand Young on direct appeal of her convictions. This court found the Petitioner was not entitled to relief, explaining as follows:

> The Defendant's reliance on Sentoryia Lawand Young is misplaced. Sentoryia Lawand Young stands for the proposition that double jeopardy principles are implicated when a prosecutor elicits improper testimony with the intention of provoking a mistrial. The Defendant's argument that the State "goaded reversal by its actions" (emphasis added) relies on an extension of the law that is unsupported by [Oregon v. Kennedy, 456 U.S. 667, 676 (1982)] and [State v. Tucker, 728 S.W.2d 27, 31 (Tenn. Crim. App. 1986)]. The Defendant's case is distinguished from Sentoryia Lawand Young because she has presented no evidence that the prosecutor in the first trial acted with the intention of provoking a mistrial when he questioned the witnesses

regarding their motives for testifying. Because the Defendant has failed to establish a claim for plain error relief, she is not entitled to relief on this basis.

Brenda Woods, No. W2014-01850-CCA-R3-CD, 2015 WL 5838719, at *10. Therefore, we agree with the State that this issue has been previously determined. See Tenn. Code Ann. § 40-30-106(h).

Moreover, the post-conviction court stated in its order denying relief that "Ms. Woods offered no evidence [at the evidentiary hearing] to indicate that the prosecutor in the first trial intended to cause a mistrial. No evidence was presented to show that the prosecutor did anything to goad or provoke a mistrial." As stated previously, because the Petitioner failed to include the transcript of the evidentiary hearing in the appellate record, we must presume that the post-conviction court correctly ruled on this issue.

## C. Constitutionality of Statute

Finally, the Petitioner contends that Tennessee Code Annotated section 2-19-117, which provides that "[it] is a Class E felony for any person to procure, aid, assist, counsel or advise another to vote in any convention, primary or final election, knowing such person is disqualified," is unconstitutionally vague and overbroad. Initially, we note that the post-conviction court did not address the constitutionality of the statute as an independent claim for relief but instead considered it as a ground for ineffective assistance of counsel, stating, "Ms. Woods testified to her unsubstantiated and mistaken belief that [the] law under which she was convicted is unconstitutional. Again, Ms. Woods' understanding of the law is misplaced and her counsel was ethically precluded from raising issues that are without merit." The Petitioner does not assert that we should remand the case to the post-conviction court and direct that court to rule on his stand-alone claim that the statute is unconstitutional.

Regardless, Tennessee Code Annotated section 40-30-106(g) states that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." While there are exceptions to that rule, the Petitioner's claim does not fit within either of them. See Tenn. Code Ann. § 40-30-106(g)(1), (2). Moreover, as noted by the State, plain error does not apply to an issue in a post-conviction proceeding if that issue has been waived. Grindstaff v. State, 297 S.W.3d 208, 219 (Tenn. 2009). Thus, the Petitioner is not entitled to relief.

## III. Conclusion

Based upon the record and the parties' briefs, we affirm the post-conviction court's denial of the petition.

_____
NORMA MCGEE OGLE, JUDGE