IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville April 29, 2009

## STATE OF TENNESSEE v. RAMONE PIERRE GHOLSTON

**Appeal from the Circuit Court for Montgomery County**
**No. 40500611     John H. Gasaway, III, Judge**

————————————

**No. M2008-01283-CCA-R3-CD - Filed January 5, 2010**

————————————

The Defendant, Ramone Pierre Gholston, was convicted by a Montgomery County jury of facilitation of first degree murder, a Class A felony, and facilitation of especially aggravated robbery, a Class B felony.  The trial court sentenced the Defendant as a Range I, standard offender to twenty-one years for the facilitation of first degree murder and to ten years for the facilitation of especially aggravated robbery, to be served concurrently.  On appeal, the Defendant contends that his sentence for the facilitation of first degree murder is excessive.  Because no written waiver of ex post factor rights signed by the Defendant is in the record, the Defendant was improperly sentenced under the 2005 amendments to the Sentencing Act of 1989.  We reverse the judgment of the trial court, and we remand the case for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Reversed;**
**Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Jeffry S. Grimes, Clarksville, Tennessee, for the appellant, Ramone Pierre Gholston.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; John Wesley Carney, Jr., District Attorney General; and John E. Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

We gather the following information from the transcript of the sentencing hearing and the presentence report.  On July 21, 2004, the Defendant and two co-defendants robbed the

victim, Shane Crossley, at the victim's residence. The victim suffered from Huntington's corea, which rendered him particularly vulnerable. The victim was beaten by a co-defendant and bled to death as a result of his injuries. A jury convicted the Defendant of facilitation of first degree murder and facilitation of especially aggravated robbery.

At the sentencing hearing, the trial court found that the Defendant was a Range I, standard offender. The trial court applied enhancement factor (1), a previous history of criminal convictions or criminal behavior, because the Defendant had prior convictions for failure to carry a driver's license and for disorderly conduct. See T.C.A. § 40-35-114(1) (2006). The trial court also applied enhancement factor (4), that the victim was particularly vulnerable because of age or physical or mental disability. See id. § 40-35-114(4).

The Defendant contends that twenty-one years is an excessive sentence for the facilitation of first degree murder. He asserts that the jury rejected the notion that he had perpetrated a robbery and a murder and found that he had merely facilitated those crimes. Thus, he argues that enhancement factor (4) should not apply. The State argues that the trial court properly sentenced the Defendant.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2006 & Supp. 2008). This presumption of correctness is conditioned upon the affirmative showing that the trial court considered the relevant facts, circumstances, and sentencing principles. State v. Carter, 254 S.W.3d 335, 344-45 (2008); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). As the Sentencing Commission Comments to section 40-35-401(d) note, the burden is on the appealing party to show that the sentence is improper.

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." Ashby, 823 S.W.2d at 169. In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence.

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994); see T.C.A. § 40-35-210(e).

Also, in conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) statistical information as to sentencing practices for similar offenses in Tennessee, (7) any statement that the Defendant made on his or her own behalf, and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

On appeal, the Defendant was required to prepare a record which conveyed a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal. T.R.A.P. 24(b); State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). The Defendant failed to include the transcript of the trial in the appellate record, and we cannot conduct a complete de novo review.

Despite the limited record, we are not prohibited from reviewing it for plain error. Rule 52(b) of the Tennessee Rules of Criminal Procedure provides:

> (b) Plain Error. - When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of an accused at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal.

See also T.R.A.P. 36(b). Our supreme court has adopted the factors developed by this court to be considered

> when deciding whether an error constitutes "plain error" in the absence of an objection at trial: "(a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is necessary to do substantial justice."

State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). In order for this court to reverse the judgment of a trial court, the error must be "of such a great magnitude that it probably changed the outcome of the [proceedings]," and "recognition should be limited to errors that had an unfair prejudicial impact which undermined the fundamental fairness of the trial." Adkisson, 899 S.W.2d at 642.

In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court held that any fact other than that of a prior conviction used to enhance a defendant's sentence must be proven to a jury beyond a reasonable doubt. In Cunningham v. California, 549 U.S. 270 (2007), the Court extended Blakely to strike down a state's sentencing structure that permitted enhanced sentencing based on judicially found facts. Thus, a sentencing court applying the pre-2005 sentencing law cannot enhance a defendant's sentence above the presumptive minimum unless the facts relied upon to support the enhancement were found by a jury beyond a reasonable doubt. See State v. Gomez, 239 S.W.3d 733 (Tenn. 2007).

In 2005, the 1989 Sentencing Act was amended to comply with Blakely. See 2005 Tenn. Pub. Acts, ch. 353, § 5. The amended acts provide that the court shall set a sentence within the range, that the court consider that the minimum sentence should be imposed, and that the length should be adjusted as appropriate for any enhancement and mitigating factors. T.C.A. § 40-35-210(c). The court "shall consider, but is not bound by" certain "advisory sentencing guidelines," which include that the sentence should be adjusted, as appropriate, for any enhancement or mitigating factors shown. T.C.A. § 40-35-210(c)(2). Criminal defendants who commit offenses on or after July 1, 1982, and who are sentenced after June 7, 2005, may elect to be sentenced under the amended act by executing an waiver of ex post factor protections. T.C.A. § 40-35-210, Compiler's Notes. This court has consistently held that such a waiver must be written. See, e.g., State v. Matthew Joseph Carter, No. E2006-01265-CCA-R3-CD, Knox County (Tenn. Crim. App. Oct. 27, 2008) app. denied (Tenn. Oct. 27, 2008); State v. Daryl S. Hooper, No. M2007-00094-CCA-R3-CD, Humphreys County (Tenn. Crim. App. June 24, 2008).

According to the record, the Defendant committed the offenses on July 21, 2004. At the sentencing hearing, defense counsel stated that the Defendant had elected to be sentenced under the 2005 Amendments to the Sentencing Act, and the trial court applied the amended act. However, no waiver of the Defendant's ex post facto protections is included in the record. The trial court erred when it sentenced the Defendant under the 2005 Amendments because the pre-2005 Sentencing Act was applicable absent a properly executed waiver. In addition, application of enhancement factor (4) under the 1989 Sentencing Act may have been impermissible under Blakely, because the victim's particular vulnerability was not found by a jury beyond a reasonably doubt. The record reflects that the trial court gave

significant weight to factor (4), that the victim was particularly vulnerable. Thus, the Defendant's relief is necessary to do substantial justice. See Gomez, 239 S.W.3d at 743.

In consideration of the foregoing and the record as a whole, we reverse the judgment of the trial court, and we remand the case for resentencing. On remand, the court should resentence the Defendant under the Sentencing Act as it existed before June 7, 2005, or allow the Defendant to execute a written waiver for sentencing under the law effective June 7, 2005.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE