IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2010

**JASON MARTINDILL v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Chester County**
**No. 07-432     Donald H. Allen, Judge**

**No. W2009-01003-CCA-R3-PC  - Filed May 27, 2010**

The petitioner, Jason Martindill, pled guilty to first degree murder on August 28, 2007, and received a life sentence. He filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel and that he did not enter his guilty plea voluntarily, knowingly, and intelligently. The post-conviction court denied relief. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JJ., joined.

John E. Talbott, Henderson, Tennessee, for the appellant, Jason Martindill.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; and James G. Woodall, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background**

A Chester County grand jury indicted the petitioner, Jason Martindill, on three counts: first degree murder, felony murder, and aggravated arson. He pled guilty on August 28, 2007, to the first degree murder of Pauletta Trice, pursuant to a negotiated plea agreement. In exchange for his guilty plea, the state dismissed two other charges against him, and he received a life sentence with the possibility of parole.

The state's summary of the underlying facts of this case at the guilty plea hearing revealed that the petitioner and his co-defendant, Russell Caldwell, were at the victim's house the night of the homicide. Witnesses saw a distinctive vehicle at the victim's house that belonged to the co-defendants. According to the petitioner, Caldwell stabbed the victim fifty-one times in the face and fifty-nine times on the torso. The petitioner provided another knife for Caldwell when his first knife broke. They tried to set fire to the victim's house, but the fire did not burn completely. Investigators found the victim's blood in the co-defendants' vehicle and on their clothing. They also discovered Caldwell's palm print in the victim's blood on a table in her house.

The petitioner did not appeal from his guilty plea or sentence. On August 28, 2008, the petitioner, *pro se*, filed a petition for post-conviction relief. The post-conviction court found that the petitioner presented a colorable claim and appointed counsel. The court held a hearing on March 30, 2009. On April 23, 2009, the court denied post-conviction relief, finding that the petitioner entered his guilty plea "freely, voluntarily, knowingly and intelligently." The court further found that the petitioner failed to prove his allegation of ineffective assistance of counsel by clear and convincing evidence, noting that the petitioner testified at the post-conviction hearing that "he simply 'wants to get a better plea deal' now."

**Analysis**

*Ineffective Assistance of Counsel*

On appeal, the petitioner claims that he received ineffective assistance of counsel prior to entering his guilty plea. Specifically, he contends that counsel did not explain the rights he would waive by pleading guilty, the elements of the charged offenses, or the enhancement factors.

The post-conviction judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Those findings of fact are afforded the weight of a jury verdict, and this court is bound by the findings unless the evidence in the record preponderates against those findings. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

In order for a petitioner to succeed on a post-conviction claim, the petitioner must prove the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, this Court is required to affirm the post-conviction court's

findings unless the petitioner proves that the evidence preponderates against those findings. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Our review of the post-conviction court's factual findings is *de novo* with a presumption that the findings are correct. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001). Our review of the post-conviction court's legal conclusions and application of law to facts is *de novo* without a presumption of correctness. *Id.*

To establish ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense rendering the outcome unreliable or fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Arnold v. State*, 143 S.W.3d 784, 787 (Tenn. 2004). Deficient performance is shown if counsel's conduct fell below an objective standard of reasonableness under prevailing professional standards. *Strickland*, 466 U.S. at 688; *see also Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975) (establishing that representation should be within the range of competence demanded of attorneys in criminal cases). Prejudice is shown if, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. If either element of ineffective assistance of counsel has not been established, a court need not address the other element. *Id.* at 697; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Also, a fair assessment of counsel's performance, "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). The fact that a particular strategy or tactical decision failed does not by itself establish ineffective assistance of counsel. *Goad*, 938 S.W.2d at 369. However, deference is given to strategy and tactical decisions only if the decisions are informed ones based upon adequate preparation. *Id.* (citations omitted).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied the two-part *Strickland* standard to ineffective assistance of counsel claims arising out of a guilty plea. The court in *Hill* modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. 474 U.S. at 59; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002).

The transcript of the post-conviction hearing is not in the record before this court. It is the duty of the accused to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). When the record does not include transcripts of proceedings relevant to an issue presented for review,

this court is precluded from reviewing the issue and must presume that the lower court's ruling on the issue was correct. *See State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Because the record is devoid of any evidence regarding the petitioner's issue, we presume that the evidence presented at the post-conviction hearing does not preponderate against the post-conviction court's finding that the petitioner did not carry his burden of proof. The petitioner is without relief as to this issue.

*Guilty Plea*

For his second issue, the petitioner claims that he did not enter his guilty plea voluntarily, knowingly, and intelligently.

When determining the knowing and voluntary nature of a guilty plea, the standard is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see also State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). The reviewing court must look to various circumstantial factors, including:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). In order for a guilty plea to be voluntary, the petitioner must have an understanding of the charges against him and the consequences of pleading guilty, including "the sentence that he will be forced to serve as the result of his guilty plea and conviction." *Id.* at 905. A petitioner's solemn declaration in open court that his or her plea is knowing and voluntary creates a formidable barrier in any subsequent collateral proceeding because these declarations "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The guilty plea hearing transcript reveals that the trial court had an extended colloquy with the petitioner. The court asked the petitioner if he understood the terms of his plea agreement, to which the petitioner responded that he did understand. He also said that he understood the plea form that he signed. Under oath, the petitioner said he was not under the influence of alcohol, narcotics, or medications. The trial court informed the petitioner that he had the right to plead not guilty, to have a speedy and public trial, to have assistance of counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear in court, to not be compelled to incriminate himself, to testify, and to appeal his conviction or sentence. The petitioner stated that he understood these rights. He also stated that he

understood he was pleading to premeditated murder and that he was satisfied with his representation.

The petitioner argues that this court should consider the *Blankenship* factors as they relate to the petitioner. *See Blankenship*, 858 S.W.2d at 904. Specifically, he points to his testimony at the post-conviction hearing regarding his level of intelligence, lack of familiarity with criminal proceedings, and fear of the death penalty. However, without a record of the post-conviction proceeding, we cannot consider his argument and must presume that the evidence does not preponderate against the post-conviction court's ruling that he entered his plea voluntarily and intelligently. *See Roberts*, 755 S.W.2d at 836. In addition, the record supports the post-conviction court's ruling because it shows that the trial court fully advised the petitioner of his rights and that the petitioner, under oath, declared that he understood his rights. We conclude that the petitioner has failed to prove that he entered his guilty plea involuntarily. He is, therefore, without relief as to this issue.

### Conclusion

Based on the foregoing reasons, we affirm the denial of post-conviction relief.

_____
J.C. McLIN, JUDGE