## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT NASHVILLE

### DECEMBER 1998 SESSION

FILED

February 18,1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | * | C.C.A. NO. 01C01-9801-CC-00010 |
| APPELLANT | * | DICKSON COUNTY |
| VS. | * | Hon. Allen Wallace,  Judge |
| **MICHAEL CHANEY**, | * | (Probation Revocation) |
| APPELLEE. | * | |

For Appellant:

Shipp R. Weems
District Public Defender
P.O. Box 160
Charlotte, TN  37036

Carey J. Thompson
Assistant Public Defender
P.O. Box 160
Clarksville, TN 37036

For Appellee:

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN  37243-0493

Daryl J. Brand
Senior Counsel
425 Fifth Avenue North
Nashville, TN 37243-0493

Erik W. Daab
Legal Assistant
425 Fifth Avenue North
Nashville, TN 37243-0493

Robert Wilson
Assistant District Attorney General
P.O. Box 580
Charlotte, TN 37036

OPINION FILED: _____

REVERSED

NORMA MCGEE OGLE, JUDGE

1

The appellant, Michael A. Chaney appeals as of right the order of the Circuit Court of Dickson Court revoking his probation. On May 13, 1996, the trial court entered a judgment of conviction pursuant to the appellant's plea of guilt to one count of vehicular homicide, a Class C felony. The trial court sentenced the appellant to three years incarceration in the Tennessee Department of Correction, but suspended the appellant's sentence and placed him on supervised probation. Special conditions of the appellant's probation included paying court costs and completing two hundred hours of community service. On December 4, 1997, the trial court revoked the appellant's probation and ordered that the appellant serve his sentence in the Tennessee Department of Correction. Following a review of the record in this case, we reverse the judgment of the trial court.

The trial court issued the probation revocation warrant on November 7, 1997, pursuant to the probation officer's affidavit. The probation officer alleged in his affidavit that the appellant had been arrested and charged with several drug-related offenses, had failed to perform any community service, and owed $ 1624.00 in court costs.

The trial court issued the probation revocation hearing on November 25, 1997. At the hearing, that State presented the testimony of Cliff Slayton, the appellant' s probation officer. Mr. Slayton testified that the appellant was assigned to him on May 13, 1996. He further stated that he had reviewed the conditions of the appellant's probation with the appellant and that the appellant had affirmed that he understood those conditions. Mr. Slayton confirmed that the appellant had been arrested and charged with several drug-related offenses and that those cases were still pending. Additionally, he confirmed that the appellant had not performed any

2

community service during the almost eighteen months of his probation.[1]  Finally, he testified that the appellant currently owed $ 1,624.00 in fines and court costs. However, he conceded that the appellant had originally owed $ 3,289.00 and was more or less on schedule with respect to the payment of these fines and costs.  He concluded that he had primarily issued the warrant due to the appellant's recent arrest.

In revoking the appellant's probation, the trial court declined to consider the charges pending against the appellant.[2]  The trial court revoked the appellant's probation due to his failure to perform any community service.  On appeal, the appellant argues that, because Mr. Slayton did not testify concerning the appellant's schedule for completing community service and because the Public Service Work Coordinator did not testify at the probation revocation hearing, the record does not support the trial court's exercise of discretion.[3]  Essentially, the appellant argues that eighteen months of his probationary period remained in which he could complete the two hundred hours of community service ordered by the trial court.

A trial court may revoke a defendant's probation when it finds that the probationer has violated the conditions of probation. See Tenn. Code Ann.§ 40-35-310 (1997).  In determined whether or not to order revocation, the trial judge need not find beyond a reasonable doubt that a violation of the conditions of probation

---

[1]Mr. Slayton's testimony concerning the appellant's failure to perform community service was elicited by defense counsel during cross examination. Mr. Slayton testified that Mr. David Deavors, the Public Service Work Coordinator, was monitoring the appellant's community service activity and submitting a report to him each month.

[2]The State, in order to rely on arrests as a violation to revoke probation, must produce evidence in the usual form of testimony to establish probable cause a probationer has committed another offense." State v. Ellison, No. 01C1-9708-CR-00361,1998 WL 272955, at *2 (Tenn. Crim. App. At Nashville, May 29, 1998). In this case, the State presented no testimony or evidence other than the mere fact of the appellant's arrests. "Being arrested and charged with a crime is not a violation of a condition of the appellant's probation." State v. Carter, No. 03C01-9506-CR-00159, 1996 WL 175969, at *2 (Tenn. Crim. App. at Knoxville, April 16, 1996).

[3]The prosecutor argues to the trial judge that, generally, some community service is scheduled each month during the probational period.  However, argument by counsel does not constitute evidence. State v. Roberts, 755 S.W. 2d 833,836 (Tenn. Crim. App. 1988)

3

has occurred. The existence of a violation need only be supported by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311 (d) (1996). On appeal, the record must demonstrate that the trial judge has not acted arbitrarily, and has exercised conscientious judgment. State v. Harkins, 811 S.W. 2d 79,82 (Tenn. 1991): State v. Gregory, 946 S.W. 2d 829,832 (Tenn. Crim. App. 1997). In other words, this court will not reverse the judgment of the trial court absent an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial judge's findings. Id.

We must agree with the appellant that there is an absence of substantial evidence in the record to support the judgment of the trial court. As note above, while the State need not establish a violation of probation beyond a reasonable doubt, the State must present sufficient evidence to permit a conscientious judgment by the trial court. In the instant case, the record reflects only that the appellant was on schedule in paying court costs ordered by the court and had sufficient time remaining on probation in which to complete his community service. The order of probation does not reflect the imposition of any schedule according to which the appellant was to complete his community service. The State declined to present testimony by either Mr. Slayton or Mr. Deavors concerning a schedule of community service. Indeed, Mr. Slayton's testimony suggested that he would not have issued the probation violation warrant solely on the basis of the appellant's failure to complete any portion of his community service.

In State v. Stubblefield, No. 02C01-9509-CC-00267, 1997 WL 335025, at * 2 (Tenn. Crim. App. At Jackson, June 19, 1997), we observed that "it is fundamental to our system of justice through due process that persons who are to suffer penal sanctions" have reasonable notice of conduct that will constitute a violation of probation. The record is devoid of any evidence that the appellant was notified that he must perform his community service during the first half of his probationary

4

period or according to a predetermined schedule.  Accordingly, we reverse the judgment of the trial court.

                                                             
_____
NORMA MCGEE OGLE, Judge


CONCUR:


_____
JOHN H PEAY, Judge


_____
JOSEPH M. TIPTON, Judge

5