# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on briefs at Knoxville December 13, 2011

## STATE OF TENNESSEE v. WILLIAM THOMAS MAYERS

**Appeal from the Davidson County Criminal Court**
**No. 2010A572      J. Randall Wyatt, Judge**

---

**No. M2011-00954-CCA-R3-CD - Filed October 1, 2012**

---

After a trial by jury, the defendant was found guilty of aggravated burglary, a Class C felony, attempted aggravated burglary, a Class D felony, and theft of property over $500, a Class E felony. He was sentenced to a total effective sentence of 25 years. On appeal, the defendant claims that the trial court erred by (1) denying his motion to dismiss his indictment or suppress testimony regarding destroyed evidence; (2) allowing the State to present certain photographs taken of the defendant, on grounds that they were not properly authenticated; and (3) ordering him to serve his sentence on the attempted aggravated burglary consecutively to his sentence for aggravated burglary because both crimes should have been considered part of the same criminal episode. We conclude that the defendant has waived the first claim by virtue of his failure to prepare an adequate brief and record and that the trial court did not err by allowing admitting the photographs and ordering consecutive sentences. We affirm the judgments of the trial court accordingly.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.
.
Caesar Cirigliano, Nashville, Tennessee, and Lee Sprouse, Nashville, TN for the appellant, William Thomas Mayers.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Robert Homlar, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant raises numerous claims concerning missing evidence. In addition, the defendant claims that the trial court erred by permitting the authentication and admission of five pictures taken by a CVS store security camera and erred by ordering the defendant to serve his sentences for aggravated burglary and attempted aggravated burglary consecutively. For the reasons that follow, we deny these claims and affirm the judgments of the trial court.

**I.**

The statement of facts contained in the defendant's brief is woefully inadequate and fails to comply with the relevant appellate rules. It consists almost entirely of fragmented sentences, a list of witness names, and imprecise and unexplained citations to the record. This is unacceptable. Tennessee Rule of Appellate Procedure 27(a)(6) provides: "The brief of the appellant shall contain . . . [a] statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record." The trial transcripts relevant to the defendant's first issue – from a pretrial hearing through the jury charge – consist of 412 pages. The sentencing hearing transcript relevant to the defendant's third issue is contained in yet another volume. The defendant's failure direct our attention to specific portions of these transcripts renders review of his claim unnecessarily onerous.

The defendant's statement of facts consists of one and one-half pages of cryptic statements of only some of the trial witnesses. It does not give an intelligent account of the evidence heard by the trial court and the jury that potentially relates to his claims to assist us in determining whether an error occurred in the court below. Moreover, it is neither comprehensive nor sufficient enough to assist this court in determining whether an error, if any, is prejudicial.

Failure to include a meaningful statement of facts may result in waiver of an appellant's claims. *See, e.g., State of Tennessee v. David Humphreys*, NO. 01C01-9511-CR-00363, 1996 Tenn. Crim. App. LEXIS 519, at ** 16-18 (Tenn. Crim. App. Aug. 22, 1996). The appellate rules aid the efficient administration of justice on appeal. They must be scrupulously followed. The filing of such a brief in the future will not be tolerated.

**II.**

With respect to the defendant's first claim, the inadequacy of the defendant's statement of facts is compounded by his failure to clearly and precisely state the nature of his

claims concerning missing evidence. While the defendant cites the Due Process Clause of the Fourteenth Amendment and summarizes a leading case concerning missing evidence (*State v. Ferguson*, 2 S.W.3d 912 (Tenn. 1999)) and a brace of important U.S. Supreme Court cases concerning the Confrontation Clause of the Sixth Amendment, the defendant never clearly specifies what evidence he believes was missing or explains how its absence violates his rights. There is simply no coherent legal argument on this issue. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record [are] treated as waived in this court." Tenn. R. Ct. Crim. App. 10; *see also* T.R.A.P. 27(a)(7).

We learn from the State's brief that the defendant is complaining about two gold rings that were discovered in a pawn shop during the course of the police investigation. According to the State, an investigating officer contacted one of the defendant's victims and asked her to meet him at a pawn shop, where she identified two gold rings (pawned by the defendant) as stolen property belonging to her. The State claims that the police officer left these rings in the custody of the pawn shop, as per police procedure, and they were later inadvertently melted down by the shop. According to the State, the defendant filed a motion to dismiss the indictment or in the alternative to suppress testimony concerning this missing evidence. The State claims that the trial court denied this motion but provided a curative instruction to the jury, explaining that if the jury found that the State had failed in its duty to gather and preserve evidence, "you may infer that the absent evidence would be favorable to the defendant." Obviously, these facts, this procedural history, and these arguments should have been contained somewhere in the defendant's brief. They were not.

In addition, the defendant failed to include a transcript of the hearing that the trial court held concerning his motion to suppress. It is the appellant's duty to prepare a record on appeal that "convey[s] a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). Because of these omissions, "we must conclusively presume that the ruling of the trial court . . . was correct." *State v. Roberts*, 755 S.W.2d 833 (Tenn. Crim. App. 1988). The defendant's claims concerning any error that may have been committed by the trial court with respect to its treatment of missing evidence are deemed waived and are denied accordingly.

**III.**

The defendant claims that the trial court erred by denying the defense's pre-trial motion *in limine* and allowing the admission of certain photographs taken by a CVS store surveillance camera on the grounds that this evidence was not "[a]uthenticated per the [r]ule of evidence in that no [c]hain of custody was ever established." The trial court addressed the issue of the admissibility of these photographs – which the prosecution intended to offer to

prove that the defendant was in the vicinity of the burglary and the attempted burglary around the time they were committed – in a jury-out hearing immediately following *voir dire*. During that hearing, the State presented the testimony of manager of the Murfreesboro Road CVS, Mr. Tony Henson. Mr. Henson testified that he had been working at that location for the last ten months, but he was not working there on November 13, 2009 – the date stamped on the photographs. He testified that he was familiar with the scene depicted in the photographs and recognized it as the entrance to his store. He testified that his predecessor had given a CD containing the photographs to detectives and that his predecessor was no longer with the company. He testified that the store only retains camera footage for two months, that he could no longer reproduce the photographs, and that while he had seen the photographs when a detective showed him the CD, he had never had custody or control over the photographs themselves.

The State supported Mr. Henson's testimony with the testimony of Ms. Robin Tate-Johnson, an eyewitness to the events depicted in the photographs. Ms. Tate-Johnson testified that on November 13, 2009, she was across the street from the CVS pharmacy in question. She testified that she recognized the individual depicted in the photograph because he had walked back and forth in front of her house earlier in the day. She testified that at approximately 10:30 a.m., she saw this individual enter the CVS store, and she testified that the photographs at issue were a fair and accurate representation of what she saw that day, *albeit* from a different angle.

Detective Kevin Wallace of the Metropolitan Nashville Police Department testified that during his investigation of the crimes at issue he had learned from a witness that the defendant had entered the CVS store in question. As a result, he had contacted the store manager and asked to review the store's surveillance footage. He received a CD from the store's then-general manager, but due to some technical difficulties, that CD contained only still photographs taken by the store's surveillance camera on the day in question. He testified that the five photographs which the State sought to enter into evidence were fair and accurate representations of photographs he received on the CD on that day. On cross-examination, Detective Wallace acknowledged that he was not present when the CVS store manager "burned" the CD and that he never viewed the security footage with the store manager. At the conclusion of this testimony, the trial court heard arguments from the parties and denied the defendant's motion *in limine* on grounds that the current CVS manager had knowledge of the store and its surveillance system which was sufficient, when combined with the other testimony, to establish the identity and integrity of the photographs and thereby render them admissible.

Tennessee Rule of Evidence 901(a), which governs the authentication of evidence, provides: "The requirement of authentication or identification as a condition precedent to

-4-

admissibility is satisfied by evidence sufficient to the court to support a finding by the trier of fact that the matter in question is what its proponent claims." Our courts have construed this rule as imposing a requirement that "as a condition precedent to the introduction of tangible evidence, a witness must be able to identify the evidence or establish an unbroken chain of custody." *State v. Holbrooks*, 983 S.W.2d 697, 700 (Tenn. Crim. App. 1998). Whether evidence has been sufficiently authenticated to be admissible pursuant to this rule is a question left "to the sound discretion of the trial court, and the court's determination will not be disturbed in the absence of a clearly mistaken exercise of such discretion." *Id.* at 701.

It is plain from the record that the former CVS manager who actually made the CD containing the five still pictures did not testify. Thus, the chain of custody was only established from the point at which the CD left the former manager's hands and was given to the officer. "However, the failure to call all of the witnesses who handled the evidence does not necessarily preclude its admission into evidence." *Id.* The State must only establish circumstances that reasonably assure the identity of the evidence and its integrity, not exclude every possibility of tampering. *See id.*

We do not believe that the trial court abused its discretion in concluding that the State presented sufficient evidence to reasonably establish the identity and integrity of the evidence. As the CVS store's current manager, Mr. Henson had working knowledge of the store and its security system. He had the knowledge necessary to attest to the fact that the five pictures at issue were taken by CVS security cameras and depicted the front of the particular CVS store in question. While some residual doubt might have remained about whether the pictures were in fact taken on the date and time reflected on their time stamp – and Mr. Henson did not have any personal knowledge relevant to this issue – any such doubt was alleviated by Ms. Tate-Johnson's testimony to the effect that the pictures accurately reflected events that she had personally viewed on the date and time that was reflected on the time stamp. Taken together, the testimony presented by the State reasonably assured the identity and integrity of the still photographs. The trial court did not abuse its discretion by denying the defendant's motion *in limine*.

## IV.

The defendant claims that the trial court erred by ordering him to serve two of his sentences consecutively. In support of his argument, the defendant cites to two cases, both of which concern the severance of indictments and neither of which discusses consecutive sentencing. The State's brief also fails to discuss consecutive sentencing, instead arguing that the defendant's dual convictions for aggravated burglary and attempted aggravated

burglary do not violate double jeopardy and due process principles.[1] A transcript of the sentencing hearing has been included in the record, however, and notwithstanding the defendant's arguable waiver of the sentencing issue due to inadequate briefing, the state of the record on appeal is sufficient to allow us to engage in meaningful review of the issue.

The burden of demonstrating that a sentence is erroneous is placed upon the appealing party. *State v. Carter*, 254 S.W.3d 335, 344 (Tenn. 2008). "When a sentence is challenged, 'the appellate court shall conduct a *de novo* review on the record of the issues . . . with a presumption that the determinations made by the court from which the appeal is taken are correct.'" *State v. Cross*, 362 S.W.3d 512, 525 (Tenn. 2012) (*quoting* T.C.A. §§ 40-35-401(d); 40-35-402(d)). The presumption that the sentencing court's factual determinations are correct "'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *Carter*, 254 S.W.3d at 344-45 (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). If the trial court fails to follow the sentencing act, the presumption of correctness fails and our review becomes simply *de novo*. *See id*. at 345.

"Whether sentences are to be served concurrently or consecutively is primarily within the discretion of the trial court." *State v. Dorantes*, 331 S.W.3d 370, 392 (Tenn. 2011). A trial court may order sentences to be served consecutively if it finds by a preponderance of the evidence that, *inter alia*, that "[t]he defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood," "[t]he defendant is an offender whose record of criminal activity is extensive," or "the defendant is sentenced for an offense committed while on probation." T.C.A. §§ 40-35-115(b)(1); 40-35-115(b)(2); 40-35-115(b)(6). Before imposing a consecutive sentence, a trial court should also consider general sentencing principles, including whether the length of a sentence is justly deserved in relation to the seriousness of the offense. *See State v. Imfeld*, 70 S. W.3d 698, 708 (Tenn. 2002).

The trial court found that the defendant qualified for consecutive sentencing on all three grounds discussed above, and the record supports this conclusion. With respect to the trial court's finding that the defendant was an offender whose record of criminal activity was extensive and that he was a professional criminal using criminal acts as a major source of his livelihood, the defendant's presentence report reflects that he has numerous prior convictions for aggravated burglary, burglary, and theft of property. The defendant has at least eight prior felony convictions and fifteen prior misdemeanor convictions, some going as far back as 1999. While the defendant reported on his presentence report that he had previously been employed at a number of landscaping and cleaning businesses, none of these employment

---

[1] Neither of these constitutional issues is raised in the defendant's brief.

claims could be verified, and there is no other proof in the record that the defendant has been gainfully employed for any significant period of time. With respect to the remaining factor, the record also reflects, as the trial court found, that the defendant was on probation for a 2009 burglary conviction when he committed these crimes.

Any one of these findings would have sufficed to support a decision by the trial court to impose consecutive sentences; the trial court did not err by ordering the defendant to serve two of his three sentences consecutively after finding that all three factors were present. Nor can a twenty-five year effective sentence be considered unjust in light of the defendant's burglaries, which according to the testimony of the victims included the needless destruction of one victim's garage door, the breaking of additional doors (and a window) beyond those necessary to accomplish the crimes, additional wanton vandalism and destruction committed inside one of the residences, and the needless mistreatment and reckless endangerment of several pets. The defendant's claim that the trial court erred by ordering him to serve two of his three sentences consecutively is denied.

## CONCLUSION

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE