IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2016

## LONA PARKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 12-02646      W. Mark Ward, Judge**

_____

**No. W2015-02233-CCA-R3-PC  -  Filed April 28, 2016**

_____

The petitioner, Lona Parker, appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erred in finding that he received effective assistance of trial counsel.  Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Genna M. Lutz, Memphis, Tennessee, for the appellant, Lona Parker.

Herbert H. Slatery III, Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Amy P. Weirich, District Attorney General; and D. Gregory Gilbert, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The petitioner was convicted of theft of property valued at more than $1000 but less than $10,000 and sentenced as a career offender to twelve years in the Department of Correction.  His conviction and sentence were affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal.  State v. Lona Parker, No. W2013-02446-CCA-R3-CD, 2014 WL 4092241, at *1 (Tenn. Crim. App. Aug. 20, 2014), perm. app. denied (Tenn. Dec. 19, 2014).

At trial, the victim testified that her 1988 Toyota Camry, for which she had paid $1200 approximately three months prior to the theft and had spent about $300 in repairs

to the vehicle, was stolen on May 11, 2011, while she was attending a church service. Id. at *1. On May 12, 2011, the petitioner sold the vehicle to a scrap metal company after the company obtained the petitioner's identification and address. The safety director of the scrap metal company testified that the petitioner was the person who brought in the Toyota Camry. Id. at *2. Additionally, the detective who investigated the theft testified that he obtained a copy of the petitioner's sales receipt for the vehicle and that the seller's identifying information, including a thumbprint and a state-issued identification card number, matched the petitioner. Id. An expert fingerprint technician testified that the thumbprint on the sales receipt matched the petitioner's print. The detective further testified that he originally valued the vehicle at $700 but, on redirect examination, said that the Kelley Blue Book value of the vehicle was over $1000. Id. at *3.

On March 20, 2014, the petitioner filed a pro se petition for post-conviction relief, and after the appointment of counsel, an amended petition was filed on March 10, 2015, alleging numerous claims of ineffective assistance of trial counsel. An evidentiary hearing was held on August 14, 2015, after which the post-conviction court took the matter under advisement and subsequently entered an order on September 3, 2015, denying the petition.

## ANALYSIS

The petitioner argues that trial counsel was ineffective for failing to object to a witness's references to the petitioner's criminal history during her testimony. The State responds that because the appellate record does not contain a transcript of the post-conviction evidentiary hearing, the petitioner has waived consideration of his claim. We agree with the State.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Courts need not approach the Strickland test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697; see also Goad, 938 S.W.2d at 370 (stating that "failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

It is the petitioner's duty to provide a record that is sufficient "to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," Tenn. R. App. P. 24(b), and this court is precluded from considering issues when the record is incomplete and does not contain a transcript of the relevant proceedings before the lower court. See Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). We, therefore, assume that the findings and conclusions of the post-conviction court with respect to the petitioner's

allegations of ineffective assistance are correct.  Accordingly, we affirm the denial of the petition for post-conviction relief.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court.

_____
ALAN E. GLENN, JUDGE

4