IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 6, 2018

**BRANDON WASHINGTON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 15-04455        J. Robert Carter, Jr., Judge**
_____

**No. W2017-02126-CCA-R3-PC**
_____

The petitioner, Brandon Washington, appeals the denial of his post-conviction petition, arguing the post-conviction court erred in finding he received effective assistance of counsel upon the entry of his guilty plea which he argues was entered involuntarily and unknowingly.  Following our review, we affirm the denial of the petition and conclude the petitioner has waived any challenge to the entrance of his plea.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Jessica L. Gillentine, Bartlett, Tennessee, for the appellant, Brandon Washington.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alyssa Hennig, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On March 24, 2016, the petitioner pled guilty under indictment number 15-04455 to possession with intent to sell alprazolam and possession with intent to sell one-half ounce or more of marijuana.  Tenn. Code Ann. §§ 39-17-412, -415, -417.  For the two convictions, the petitioner received an effective four-year sentence to be served at 35%. Under the plea agreement, the four-year sentence was to be served consecutively to an

effective six-year sentence the petitioner was serving in confinement after violating the terms of his probation under case numbers 10-04054 and 10-05254.[1]

After entering his guilty plea, the petitioner filed a pro se petition for post-conviction relief. In the petition, the petitioner alleged he was subject to an "illegal search and seizure" and he was unconstitutionally denied bond. The petitioner also claimed trial counsel made "improper changes to judgment sheets" and "fail[ed] to investigate [his] case." After the appointment of counsel, the petitioner filed an amended petition for post-conviction relief, claiming trial counsel "insufficiently investigated [the petitioner's] case" and "failed to sufficiently argue the [m]otion to [s]uppress." The post-conviction court held a hearing on the petitioner's claims during which both trial counsel and the petitioner testified.

In handling the petitioner's case, trial counsel explained he likely filed an initial, general motion to suppress that he later amended to a "be fact-specific" motion after research and investigation into the case. Thus, after meeting with the petitioner at the penal farm and discussing the discovery with him, trial counsel filed an amended motion to suppress and also secured a trial date. In the suppression motion, trial counsel argued the petitioner was subject to "a warrantless search and that there were no exigent circumstances for the officers." The trial court disagreed and in denying the motion to suppress, ruled "there was an exception to the warrant requirement." After hearing the trial court's ruling, the petitioner and trial counsel "went in the back and discussed and [the petitioner] decided to plead guilty" the day of the suppression hearing. Trial counsel stated he did not think appealing the motion to suppress would be successful.

Regarding the petitioner's guilty plea, trial counsel believed it imposed a sentence of four years to be served at 35%. The trial court ran the four-year sentence consecutively to the six-year sentence the petitioner was serving at the time he entered the plea. Prior to entering the plea, however, trial counsel and the petitioner discussed the impact the guilty plea would have on the petitioner's prior sentences. Trial counsel also stated the petitioner discussed the consecutive nature of the four-year sentence with the trial court. Both trial counsel and the trial court also emphasized to the petitioner that he retained control over the decision of whether or not to plead guilty. Trial counsel thought

---

[1]The petitioner has twice appealed to this Court in relation to case numbers 10-04054 and 10-05254. First, the petitioner appealed the trial court's denial of his Rule 36.1 motion. *State v. Brandon D. Washington*, No. W2016-00413-CCA-R3-CD, 2017 WL 2493685 (Tenn. Crim. App. June 9, 2017), *appeal denied* (Oct. 4, 2017). Second, the petitioner appealed the trial court's denial of his petition for writ of habeas corpus as it related to case numbers 10-0454, 10-05254, and 15-04455. *Brandon Washington v. State*, No. W2016-01965-CCA-R3-HC, 2018 WL 369775 (Tenn. Crim. App. Jan. 10, 2018), *no. perm. app. filed*. Both appeals were denied by this Court.

the petitioner understood the nature of the guilty plea, noting the petitioner "was quite articulate every time [they] met."

The petitioner also testified. He claimed trial counsel "gave [him] the discovery pack and a general motion to suppress," but trial counsel did not provide the petitioner with a copy of the amended motion to suppress. The petitioner explained trial counsel questioned him regarding the motion to suppress on the day of the hearing, but they did not discuss the motion prior to that day. As such, the petitioner stated, "[i]f he would have came to see me and actually investigated the case I believe we would have won" the motion. The petitioner explained:

> [Trial counsel] didn't argue effectively. He didn't research the case. We didn't talk about things. He told me he was going to come to the penal farm. He only came one time. It's a lot of things we didn't discuss. We didn't discuss the guilty plea, no enhancement factors. We didn't discuss any of it.

The petitioner also claimed trial counsel should have investigated his case further by "question[ing] people."

The petitioner alleged trial counsel altered the dates of his pre-trial credit on the judgment sheets entered in the present case. The petitioner stated, based upon his own calculations, his present sentence "is illegal because it's like I'm serving a four-year sentence at 40 percent all because of jail credits that I didn't get because of error in previous cases so it's like I'm serving a four-year sentence at 40 percent." He further argued trial counsel "should have at least addressed [this issue] to the judge."

Despite the above testimony, the petitioner acknowledged trial counsel addressed the terms of the guilty plea with him in open court. The petitioner stated trial counsel "said . . . you are pleading out to four year[s] at 35 [percent]. I remember the talks of that." Furthermore, the petitioner admitted trial counsel discussed the petitioner's sentencing exposure if he proceeded to trial, and the petitioner chose to plead guilty rather than risk trial. The petitioner explained: "I went against the plea because I knew I would automatically lose in trial with [trial counsel] because he told me that out of all the suppression hearings he had, he lost 500 and only won two so I knew that would have been a[n] automatic loss at trial."

At the conclusion of the evidentiary hearing, the post-conviction court took the matter under advisement before entering a written order denying the petitioner's request for relief. This timely appeal followed.

*Analysis*

On appeal, the petitioner argues the post-conviction court erred in denying his petition, alleging his guilty plea did not pass constitutional muster and he received ineffective assistance of counsel relating to the same. We will first address the petitioner's claims as they relate to the entry of his guilty plea before discussing his more general post-conviction claims.

The petitioner asserts his "plea was not entered into freely, knowingly, and voluntarily, because [he] entered a guilty plea with the understanding that he would be serving his 4-year sentence at 35%, consecutive to previous sentences" and "[b]ecause his jail credits were not appropriately applied, he could not have entered into the agreement knowingly, as the jail credits affected his release eligibility date." The State contends the petitioner has waived any arguments relating to the entry of his guilty plea for failure to include a transcript of the guilty plea hearing in the record on appeal, and we agree.

The petitioner bears the burden of "prepar[ing] a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue." *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993) (citing *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). The petitioner's claims on appeal stem from the entry of his guilty plea and his assertion the plea "was the product of ignorance and incomprehension." However, absent a transcript of the proceedings relating to the same, this Court is unable to adequately review the issue. Consequently, the petitioner's allegation that his guilty plea was unconstitutional is waived for failure to provide a transcript of the guilty plea hearing for our review. Furthermore, this Court has previously determined the petitioner's present sentence is not illegal based upon his claim that jail credits were incorrectly applied to the same, and the petitioner has failed to show how this alleged misunderstanding affected the entry of his guilty plea. *Brandon Washington v. State*, No. W2016-01965-CCA-R3-HC, 2018 WL 369775, at *3 (Tenn. Crim. App. Jan. 10, 2018). The petitioner is not entitled to relief.

The petitioner next argues he would not have entered into the guilty plea absent the deficiencies of trial counsel and his handling of the motion to suppress. The petitioner bears the burden of proving his post-conviction allegations of fact by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f). The findings of fact established at a post-conviction evidentiary hearing are conclusive on appeal unless the

evidence preponderates against them. *See Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996). This Court will not reweigh or reevaluate evidence of purely factual issues. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, appellate review of a trial court's application of the law to the facts is *de novo,* with no presumption of correctness. *See Ruff v. State*, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel presents mixed questions of fact and law. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Thus, this Court reviews the petitioner's post-conviction allegations *de novo*, affording a presumption of correctness only to the post-conviction court's findings of fact. *See id.*; *Burns v. State*, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the standard for determining ineffective assistance of counsel applied in federal cases is also applied in Tennessee). The *Strickland* standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. In order for a post-conviction petitioner to succeed, both prongs of the *Strickland* test must be satisfied. *Id.* Thus, courts are not required to even "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.*; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (stating that "a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

A petitioner proves a deficiency by showing "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the *Strickland* test is satisfied when the petitioner shows there is a reasonable probability, or "a probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

In the context of a post-conviction challenge to a guilty plea, both prongs of the *Strickland* test must still be met. *Garcia v. State*, 425 S.W.3d 248, 256 (Tenn. 2013). Thus, to successfully challenge his guilty plea, the petitioner must show counsel's performance was deficient, and he "must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea." *Adkins v. State*, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *Garcia*, 425 S.W. 3d at 257.

The petitioner claims trial counsel failed to properly "investigate" or "discuss" his case resulting in the denial of his motion to suppress. The petitioner asserts "[h]ad the motion to suppress succeeded, [he] would never have entered into the guilty plea." Further, the petitioner suggests "had [he] not been under false impressions regarding the potential sentence, [he] would have insisted on going to trial, and had in fact had a trial date set." The petitioner's claims, however, are not supported by the thin record provided on appeal.

Instead, the record indicates after researching and investigating the petitioner's case, trial counsel filed a motion to suppress on the petitioner's behalf. In the motion, trial counsel argued the petitioner was the subject of an illegal search. The motion, however, was unsuccessful.[2] After the unfavorable ruling, the petitioner and trial counsel discussed the petitioner's options while still at the court house, and the petitioner ultimately chose to plead guilty the same day. Both the trial court and trial counsel discussed the terms of the plea with the petitioner before the trial court imposed an effective four-year sentence to be served at 35% to be run consecutively to the six-year sentence the petitioner was already serving. The post-conviction court found the petitioner entered his guilty plea "knowingly, voluntarily[,] and free from coercion." Once a guilty plea is knowingly, voluntarily, and intelligently entered, it is not void simply because the petitioner is no longer happy with his decision. *Robert L. Freeman v. State*, No. M2000-00904-CCA-R3-PC, 2002 WL 970439, at *2 (Tenn. Crim. App. May 10, 2002), *no perm. app. filed*. The record contains sufficient evidence the petitioner understood the options he faced prior to entering his guilty plea and the sentencing associated with it. Not only has the petitioner failed to show trial counsel was ineffective, but also he cannot prove he was prejudiced. *See Adkins*, 911 S.W.2d at 349;

---

[2]The record on appeal does not include a copy of the motion to suppress or a transcript of the proceedings regarding the same.

*Garcia*, 425 S.W. 3d at 257.  Accordingly, our review of the record supports the post-conviction court's finding that "[the] [p]etitioner has failed to prove that [trial counsel] was deficient in any way, and [he] certainly [has] not shown how [trial counsel] resulted in any prejudice to [the] [p]etitioner."  The petitioner is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____
J. ROSS DYER, JUDGE